ISAAC S. BANGS and another *vs.* SAMUEL S. PARKER.

Kennebec. Opinion December 6, 1880.

*Devise. Easement. Right of way. Parol agreement.*

By the devise of a house and lot, a right of way, held and enjoyed by the devisor, to and from the same over adjoining premises, will pass to the devisee, although it is not named in the will.

Where the grantor in a deed reserved a right of way across the premises conveyed, without fixing its locality, and at the time of the conveyance two ways were in use, one of which was afterwards closed by the grantee with the assent of the grantor; *Held*, that the grantor retained a right over the other and remaining way, and if it is conceded that a grantee may designate the locality for a way, thus reserved, he has not a right to build a fence across the only path where passage was practicable.

Where a deed contained this clause: "reserving a pass way from the road aforesaid, over or by said lot to the barn standing on the adjoining lot, being said Mary's [grantor's] dwelling house lot;" *Held*, that it contained a reservation of a right of way to the dwelling house lot for such purposes as a way to the barn appurtenant to the dwelling house might properly be used, and that it was not lost by the destruction of the barn standing thereon at the time of the reservation.

ON REPORT.

The opinion states the case.

*E. F. Webb*, for the plaintiff, upon the questions considered in the opinion, cited: *Lansing* v. *Wiswall*, 5 Denio, 213;

*Underwood* v. *Carney*, 1 Cush. 285 ; *Atkins* v. *Bordman*, 2 Met. 465 ; *Tudor Ice Co.* v. *Cunningham*, 8 Allen, 139 ; *Farley* v. *Bryant*, 32 Maine, 485 ; 2 Hilliard, R. P. c. 61, § 18 ; *White* v. *Crawford*, 10 Mass. 183 ; *Kent* v. *Waite*, 10 Pick. 138 ; *Barnes* v. *Lloyd*, 112 Mass. 224 ; *Smiles* v. *Hastings*, 24 Barb. 44 ; *Dyer* v. *Sanford*, 9 Met. 395 ; *Arnold* v. *Stevens*, 24 Pick. 106 ; *Ballard* v. *Butler*, 30 Maine, 99 ; *Corning* v. *Gould*, 16 Wend. 531 ; 3 Kent's Com. 448 ; *Leggins* v. *Inge*, 20 Eng. C. L. 287 ; *Morris* v. *Robinson*, 10 Eng. C. L. 99 ; *Pope* v. *Devereux*, 5 Gray, 409 ; *Barst* v. *Empire*, 5 N. Y. 33.

*Joseph Baker*, for the defendant, contended that the right of way reserved by the deed was closed by the grantee in 1842 or 1843 permanently, and the right of action for damages for thus closing it ceased in six years thereafter—that another way could not be substituted by parol, none had been acquired by prescription, and if there was a way it was for a specific purpose—for the use of the barn—and ceased and terminated when the barn was destroyed in 1876, fifteen months before the defendant built the fence complained of.

Counsel cited : *Salisbury* v. *Andrews*, 19 Pick. 250 ; *Atkins* v. *Bordman*, 2 Met. 457 ; *Ballard* v. *Butler*, 30 Maine, 94 ; Wash. on Easements (*200–*204) 270–274 ; *Dyer* v. *Sanford*, 9 Met. 395 ; *Morse* v. *Copeland*, 2 Gray, 302 ; *Smith* v. *Lee*, 14 Gray, 473 ; *Blake* v. *Clark*, 6 Maine, 436 ; *Gayetty* v. *Bethune*, 14 Mass. 49 ; Wash. on Easements, 94, 253, 654–657 ; *French* v. *Marstin*, 4 Foster, 440 ; *Davenport* v. *Lamson*, 21 Pick. 72. The *obiter dictum* in *Smith* v. *Lee*, 14 Gray, 473, to the effect that a right of way may be changed by parol is not good law.

SYMONDS, J. The plaintiffs are owners of a lot of land with the buildings thereon in Waterville, and claim a right of way therefrom over the defendant's premises to the street. To recover damages of the defendant for obstructing this way by building a fence across it in November, 1877, this action is brought.

The two lots are adjacent and till October 30, 1841, were both owned by one person, Mary Dalton. On that date the lot now

occupied by the defendant was conveyed to him by Mary Dalton by deed containing this reservation : "reserving a pass way from the road aforesaid, over or by said lot to the barn standing on the adjoining lot, being said Mary's dwelling house lot."

This dwelling house lot was subsequently devised by Mary Dalton to Laura H. Nudd, in terms which were without doubt sufficient to give to the devisee the right of way reserved in the defendant's deed. By this reservation, in the deed of the lot over which the way passed, the right of way was established as appurtenant to the dominant estate and passed to the devisee thereof without express terms. *White* v. *Crawford*, 10 Mass. 187; *Barnes* v. *Lloyd*, 112 Mass. 232. It is a devise of a house and lot, not a conveyance by metes and bounds referred to in *Stevens* v. *Orr*, 69 Maine, 323. Compare, *Warren* v. *Blake*, 54 Maine, 286.

The plaintiffs claim under deeds from the heirs of Laura H. Nudd, which expressly convey whatever right of way the heirs had over the adjacent lot owned by the defendant.

We find from the evidence that at the time of the conveyance to Parker, in 1841, there were two ways in use; one, perhaps the more frequently used, just north of the Nudd house—now the plaintiffs'—in nearly a straight line from the barn to the street; the other, where the plaintiffs now claim, turning more directly toward the north and passing by the easterly side of the defendant's house to the street. When the defendant, after purchasing, began to repair his house and grade his grounds, in 1842 or 1843, he desired to close the way first named by building a wall across it and filling in the lot against the wall, so as to prevent access to either lot at that point. This was done with the assent of Mary Dalton, and from that time to the present the only way in use by the occupants of the Nudd house across the defendant's premises has been where the plaintiffs now claim. It was used by them without interruption from 1842 or 1843, till 1861, when the defendant undertook to obstruct it, but those under whom the plaintiffs hold asserted and enforced their claim to it and continued to use it as before, till about the time of the obstruction in November, 1877.

The cases of *Larned* v. *Larned*, 11 Met. 421; *Pope* v. *Devereux*, 5 Gray, 409; *Smith* v. *Lee*, 14 Gray, 480 and *Smith* v. *Barnes*, 101 Mass. 275, have been cited as sustaining the doctrine that an existing easement may be exchanged by parol for another easement of the same kind, and the owner thereby acquire the same property in the new one that he had in the former; even before the use alone would give a prescriptive right. According to these decisions, it is clear that the plaintiffs had acquired a permanent right in the way along the easterly side of the defendant's house, even if it were conceded not to be the way intended by the deed. If it is not the one mentioned in the deed, it is one which was substituted for it by an executed parol agreement of the parties, and had been used as such with but a single interruption from 1842 or 1843 till 1877.

These cases have been criticised as not in harmony in their full scope with principle or authority; as opposed to the general rule that individuals can acquire an easement only by grant or by prescription. 2 Wash. Real Prop. 340, note. *Lovell* v. *Smith*, 3 C. B. N. S. 120. The facts of the present case do not require a consideration of that question. The full force of those opinions is not needed to sustain the plaintiffs' claim. The deed to the defendant merely reserved a right of way for certain purposes across his lot, without fixing its location. It may be questioned whether the defendant himself would not have a right to determine the location and limits of the way, provided he made it suitable and convenient for the purposes stated. " Where a grantor of a messuage reserved 'a right to pass over the yard,' he had no right of action against his grantee for stopping the way then in use, the grantee having opened a new and convenient one, because the reservation was undefined in its terms." 2 Wash. Real Prop. 336, and cases.

Two ways were in actual use when the deed to the defendant was given. One was permanently closed by consent. The other was designated and used for a long period for the purposes for which the way had been in the first instance reserved. More than this, it appears by the plans and report that when the defendant built the fence in November, 1877, it closed the only

existing way, or means of passage, across the defendant's to the plaintiffs' land. To obstruct permanently the only remaining way over the lot, across which the right of passage had been reserved, was wrongful. If the defendant had a right to say where the travel should go, he had not a right to build a fence across the only path where passage was practicable.

It is claimed that as this was a reservation only of a way to the barn standing on the lot, and as the barn was removed in 1876 and not rebuilt in 1877, the plaintiffs' right was extinguished or suspended, and the obstruction was rightful. Our construction of the language of this clause is, that it contains a reservation of a right of way to the dwelling house lot, for such purposes as a way to the barn appurtenant to the dwelling house might properly be used, or was accustomed to be used. It is not merely a way to a barn, but to a barn standing upon a dwelling house lot; to a building which is itself an appurtenance of the dwelling house. The dwelling house is the principal thing, for the benefit of which the way is reserved, although it is limited to the specific uses to which a way to the barn attached to the house would properly be assigned. The way was a means of access to the lot for whatever purposes a passage way, appurtenant to a barn standing on the lot, would naturally and ordinarily be used. We think the right was not lost by the destruction of the building.

*Judgment for plaintiffs. Damages assessed at $1.00.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.