VALENTINE HAMMANN, Appellant, *v.* RICHARD JORDAN,
Respondent.

The term " party-wall " does not necessarily imply an absolutely solid structure, and there is no rule requiring a wall to be such a structure in order to be a party-wall.

In an action upon a contract, by which defendant agreed to pay half the expense of building a party-wall, it appeared that plaintiff built flues in the wall which encroached upon defendant's half. Plaintiff's counsel called as a witness an architect and asked him if it was customary to build flues in party-walls. This was objected to ; said counsel stated that he desired to show it was a proper thing to put a flue in a party-wall. The court sustained the objection. *Held,* error.

*Fettretch* v. *Leamy* (9 Bos. 510), distinguished.

It was proved that to correct the defect caused by the flues and to give defendant substantially a similar use of the wall as that enjoyed by plaintiff, would cost from $128 to $130. *Held,* that the question as to whether there was such a substantial failure to comply with the agreement as would not authorize a deduction of the cost of curing the defect and grant judgment for the balance, was one of fact for the jury.

To prove that the encroachment of the flues on defendant's land was not willful, plaintiff, as a witness in his own behalf, was asked whether he intended to have the wall built correctly with regard to the flues. This was objected to and excluded. *Held,* error; that it was competent for plaintiff to show that he did not encroach intentionally upon defendant's premises.

Defendant claimed and some of his witnesses testified that the wall was not capable of a substantially similar use by him as by plaintiff, and one of them swore that there should have been a four-inch partition line between the flues in order to give defendant the same opportunity of using the wall as plaintiff. There was proof that defendant could obtain such opportunity by expending a certain amount for a chimney breast. A motion for a nonsuit was granted. *Held,* error; that assuming it to be a condition precedent to a recovery that an opportunity for a substantially similar use should exist, the questions as to what would amount to a substantially similar use and whether, after deducting the expense incurred by defendant for a chimney breast, plaintiff should have judgment for the balance of his claim were questions of fact for the jury.

Also *held,* that if defendant suffered any further damage by reason of plaintiff's encroachment, in the way of being compelled to use some portion of his lot for an additional wall, the amount of such damage would be for the jury to determine, and they should, if the amount is not so great as to show a substantial departure from the contract, deduct the same from the recovery otherwise allowable.

*It seems* if the amount of damages is of so substantial a nature as to cause the jury to conclude that the encroachment itself, whether innocent or willful, was a substantial departure from the contract, the verdict should be for the defendant.

It appeared that plaintiff in building the wall left openings for windows. Plaintiff proved that defendant saw these openings when the wall was being built and consented thereto. *Held,* that defendant could not thereafter change his mind and claim that the insertion of the windows was a violation of the agreement.

(Argued October 20, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 26, 1891, which modified, and affirmed as modified, a judgment in favor of plaintiff entered upon a decision of the court on trial at Circuit.

This was an action upon a contract by which defendant agreed to pay one-half the expense of a party-wall erected by plaintiff between their adjoining premises in the city of New York.

The facts, so far as material, are stated in the opinion.

*Jacob F. Miller* for appellant. There was a disputed question of fact, and it should have been submitted to the jury. (*Sinclair* v. *Talmadge,* 35 Barb. 602; *Glacius* v. *Black,* 50 N. Y. 148; *Phillips* v. *Gallant,* 62 id. 264; *Fiedder* v. *Darrin,* 50 id. 437; *Thurston* v. *Cornell,* 38 id. 281; *Bayliss* v. *Cockroft,* 81 id. 371; *Forbes* v. *Waller,* 25 id. 430; *Woodward* v. *Fuller,* 80 id. 312; *Noah* v. *Whitney,* 88 id. 648.) Defendant could not avoid using the wall. (*Kingsland* v. *Tucker,* 115 N. Y. 578; Laws of 1887, chap. 566.) The amendment to the building law could not invalidate the contract. (Laws of 1882, chap. 410, §§ 476, 477.) The defendant claimed that the plaintiff agreed to build a party-wall, and then defined a party-wall to be one which stood equally on both lots and was alike in all particulars on each side of the dividing line. He also claimed that any departure from this definition defeated the plaintiff's claim. The court erred in adopting this definition and contention. (*Fettretch* v. *Leamy,* 9 Bosw. 521; Washb. on Real Prop. [4th ed.] 605; 2 id. 385; *Rogers* v. *Sinzheimer,*

50 N. Y. 645.)   The wall sustaining the beams of both houses is a party-wall, whether it stands equally upon the two lots or otherwise.   (*Rogers* v. *Sinzheimer*, 50 N. Y. 645.)   The questions asking the opinion of the witness if the wall was capable of substantially similar use by Mr. Jordan as by Mr. Hammann should not have been allowed.   (*People* v. *Augsburg*, 97 N. Y. 501 ; *Ferguson* v. *Hubbell*, Ia. 507 ; *Tracy Peerage Case*, 10 C. & F. 191; *Winans* v. *N. Y. & E. R. R. Co.*, 21 How. [U. S.] 101; *People* v. *Kemmler*, 119 N. Y. 584; *Glacius* v. *Black*, 50 id. 148 ; *Flaherty* v. *Miner*, 123 id. 382; *Parke* v. *F. A. T. Co.*, 120 id. 56.)

*A. Britton Havens* for respondent.   There was no conflict of evidence as to the character of the wall, and the trial court did not err in dismissing the complaint.   (*Appleby* v. *A. F. Ins. Co.*, 54 N. Y. 260 ; *Lomer* v. *Meeker*, 25 id. 361 ; *Glacius* v. *Black*, 67 id. 568 ; *Caggar* v. *Lansing*, 64 id. 417 ; *Corning* v. *T. I. & N. Factory*, 44 id. 577 ; *Nourendorff* v. *W. M. L. Ins. Co.*, 69 id. 389.)   The wall that plaintiff built partly on defendant's land was not, as a matter of law, a party-wall, consequently the plaintiff has not complied with the first conditions of the agreement on his part and, therefore, could not recover.   (*Fettretch* v. *Leamy*, 9 Bosw. 525 ; 1 Washb. on Easements [4th ed.], 602; *Van Syckel* v. *Tryon*, 6 Phil. 401 ; *St. John* v. *Sweeney*, 59 How. Pr. 175 ; *Daly* v. *Grimly*, 49 id. 520 ; *Nash* v. *Kemp*, 48 id. 522 ; 2 Pars. on Cont. [7th ed.] 675 ; *Glacius* v. *Black*, 50 N. Y. 148.)   As the wall built by plaintiff was not the wall he had agreed to build, the defendant had a right to make any use he saw fit of the part of the wall on his land without incurring any liability to plaintiff. (*Sherred* v. *Cisco*, 4 Sandf. 480 ; *Partridge* v. *Gilbert*, 15 N. Y. 601; *Orman* v. *Day*, 5 Flo. 385.)   Defendant, having the right to use the wall without incurring any liability to plaintiff, cannot be said, by using it, to have waived his objections to it ; nor can any such waiver be argued from the fact that many years elapsed before defendant sought to use the wall, or discovered its defects. (*Sherred* v. *Cisco*, 4 Sandf. 480 ;

Laws of 1887, chap. 566, § 5; Laws of 1882, chap. 410, § 476; *Kingsland* v. *Tucker*, 115 N. Y. 574; *Shaw* v. *Hitchcock*, 119 Mass. 284.) The trial court erred in awarding an allowance to the plaintiff upon the amount of defendant's counterclaim after having dismissed the complaint, and such award was properly overruled by the General Term. (*Downing* v. *Marshall*, 37 N. Y. 380; Code Civ. Pro. § 3253; *Devlin* v. *Mayor, etc.*, 15 Abb. [N. S.] 31; *Thayer* v. *Holland*, 63 How. Pr. 179; *Whitlegge* v. *De Witt*, 12 Daly, 319; *Crane* v. *Holcomb*, 2 Hilt. 271; *Ury* v. *Wilde*, 15 Civ. Pro. Rep. 451.)

PECKHAM, J. The plaintiff and defendant entered into an agreement for a party-wall of the length of seventy-eight feet, more or less, between their premises in Charles street in the city of New York. The plaintiff was to build it and the defendant agreed that when he made use of it in the erection of any building on his premises, he would pay plaintiff the sum of seven hundred and fifty-one dollars and sixteen cents, being one-half the sum to be expended in its erection. The plaintiff built the wall and left some openings for windows therein and put in some flues. The flues it was contended overreached the center of the wall by some two inches. The wall was twelve inches wide.

As to the windows the plaintiff testified that the defendant saw the wall while plaintiff was building it, and saw the spaces left and which were intended for windows, and asked plaintiff about them. The plaintiff explained to him how he proposed to do the work, and the defendant was satisfied and said: "If you do that, I have nothing to say." He raised no objections thereafter until he commenced to build, which was some years subsequent to the completion of the wall, and he now claims that the leaving of the spaces for the windows and the encroachment of two inches by means of the flues upon the defendant's side of the wall, left it in such condition that he could not make substantially the same use of the wall that the plaintiff had, and that hence he was not bound to pay the amount stated in the agreement, or any sum whatever.

If the testimony on the part of the plaintiff be true, we think an answer is made to the objection as to the openings for the windows. These were left with defendant's consent and approbation, and he cannot afterwards change his mind and claim that the insertion of the windows was a violation of the agreement or that the result was such as to preclude him from substantially the same use of the wall as the plaintiff made.

The only other objection was the two-inch encroachment upon defendant's portion of the wall.

The defendant swore that he was stopped from building on the west or party-wall side in consequence of the plaintiff's flues coming out too far on that side, and that he could not put his beams into the wall opposite the flues without getting into them, and consequently the beams had not sufficient backing. In this he was probably mistaken, for his architect, who was a witness, testified that if he (the architect) had said anything during his testimony whereby he conveyed the impression that because of that space of two inches over the line of defendant, he could not put the beams in, he did not wish to be so understood. They could not have put in the beams opposite the flues even if the flues had not encroached the two inches, because the law forbid the placing of beams within one foot of a flue. The architect also said that he could have put a chimney breast opposite the flues, and that as the wall was built, and assuming there had not been this encroachment they would certainly have been obliged to build out the chimney breast just the same. In truth the defendant built a portion of wall and tied it to the wall in question by anchors and has thus used it. These chimney breasts would have cost about $128 or $130.

The plaintiff in this state of the case called an architect and asked him, if it was customary to build flues in party-walls? This was objected to and the court asked the plaintiff's counsel what he desired to prove and he said he wanted to show it was a proper thing to put a flue in a party-wall. The objection was sustained and the plaintiff excepted. We think this was error. There is no rule in this state which requires a wall to

be absolutely solid under all circumstances in order to be a party-wall. We think it was proper, therefore, to ask an architect in the city of New York whether it was not customary to build party-walls with flues in them. Presumably he was familiar with the manner of erecting such walls in that city when nothing but a party-wall *in terms* was called for and if it were a fact that it is customary in building them to put flues therein, their presence in this party-wall, in the absence of some agreement to the contrary, would not be a violation of contract on the part of the plaintiff.

It is true that party-walls are frequently erected under written agreements, which agreements may provide for flues or openings or for solid walls. It is also true that the term "party-wall" does not yet necessarily imply a solid structure and, therefore, what the general custom is in New York in regard to flues when party-walls are erected, may be some evidence of the meaning of the term as used in such an agreement as this. We think it was competent and should have been admitted. (*Smith* v. *Clews*, 114 N. Y. 190.)

In *Fettretch* v. *Leamy* (9 Bos. 510, 525) the learned judge, who there delivered the opinion of the court, assumed that evidence that the term "party-wall" had acquired by usage or custom in the city of New York any peculiar significance would be proper. The Pennsylvania cases cited by counsel are essentially different.

If proper to erect a party-wall with flues therein, the next inquiry would be whether the encroachment of two inches, already referred to, was such a substantial failure to comply with the agreement that the court could not permit a deduction for the cost of curing the defect and grant judgment for the balance.

Upon the evidence we think this was a question of fact. Even if the testimony were in substance uncontradicted as to the existence of the defect, the cost of curing it and the consequences resulting to the defendant, still in such a case as this we think it was proper to submit to the jury the question upon all the evidence whether there was or was not a *bona fide* and

substantial compliance with the requirements of the contract. It was not so clear as to make it a question of law. (*Glacius* v. *Black*, 50 N. Y. 145 ; *Phillip* v. *Gallant*, 62 id. 256.) The defect must not have been willful or substantial, as the plaintiff should not be permitted to recover where he has willfully or substantially violated the contract. (*Glacius* v. *Black* and *Phillip* v. *Gallant, supra.*)

To show that this encroachment of two inches was not willful, the plaintiff was asked when on the stand whether he intended to have the wall built correctly with regard to the flues, and under the objection of the defendant the question was excluded. We think it was proper to ask the plaintiff that question. It covered the inquiry whether he intentionally encroached two inches or at all upon the line of the defendant in building the flues, and he should have been permitted to show that he did not.

The defendant urges that the evidence clearly shows the wall could not be used by defendant in substantially the same manner as by the plaintiff, and hence he claims the wall does not fulfill one of the essentials of a party-wall and that he ought not to be compelled to pay any portion of the expense of building it.

Some of defendant's witnesses did say that the wall was not capable of substantially similar use by both parties. One witness said that there should have been a four-inch partition line between the flues in order to give the defendant the same opportunity of using the wall as plaintiff had. If, however, the defendant could obtain such opportunity by the expenditure of the $128 or $130 for a chimney breast, as spoken of by the plaintiff's witnesses, it would be for the jury to say whether that would not amount to an opportunity for a substantially similar use, and whether after deducting that sum the plaintiff ought to have judgment for the balance of the amount the defendant agreed to pay upon using the wall. What amounts to a substantially similar use would, under the evidence here be a question of fact, assuming it to be a condition precedent to a recovery at all that an opportunity for such substantially similar use should exist.

If the defendant, in fact, suffered any further damage by reason of this encroachment in the way of being compelled to use some portion of his lot for an additional wall, which but for such encroachment he would not have been compelled to use, the amount of such damage it would be for the jury to determine, and that amount should be deducted from the recovery otherwise allowable. If the amount were of so substantial a nature as to cause the jury to conclude that the encroachment itself was, whether innocent or willful, a substantial departure from the contract, then the verdict should be for the defendant so far as the plaintiff's cause of action was concerned.

These matters can be properly submitted to a jury upon a new trial.

We think the case should not have been taken from the jury and the judgment of nonsuit should, therefore, be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.