(22 App. Div. 485.)

## DE BAUN v. MOORE.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

ADJOINING LANDOWNERS—WINDOWS IN PARTY WALL—INJUNCTION.

The adjoining houses of plaintiff and defendant were supported for a distance of 48 feet by a party wall, which from that point continued 37 feet further, but this portion was used by defendant only, and in it he maintained 18 windows overlooking plaintiff's premises. The parties acquired their respective lots from a common grantor, and, when plaintiff bought, defendant's house, with the windows, was already built. *Held* that, while plaintiff had an undoubted right to brick up the openings in his side of the party wall, equity could not, under the circumstances, compel the defendant to close them.

Appeal from special term, Kings county.

Action by Alonzo E. De Baun against Stuart H. Moore. From a judgment dismissing plaintiff's complaint on the merits, he appeals. Affirmed.

Argued before GOODRICH. P. J., and CULLEN, BRADLEY, BARTLETT, and HATCH, JJ.

Rufus W. Peckham, for appellant.
Josiah T. Marean, for respondent.

HATCH, J. The purpose of this action is to restrain the defendant from maintaining openings or windows in a party wall, and to compel him to close the openings wherein the windows are, by filling in the space with solid brick masonry, so that the wall shall be made a dead wall. The wall furnishes support for the structures of the parties, erected upon their respective lands, for a distance of 48 feet. The remaining distance, of 37 feet, plaintiff puts to no use, as his building does not cover the whole of his lot, but leaves a space between the wall of his house and the party wall. The party wall for this distance supports the defendant's house alone, and in it he maintains 18 openings for windows, which overlook the plaintiff's premises. It is these openings which the plaintiff demands shall be closed, and, to accomplish this purpose, asks the judgment of this court, directing that it be done. The parties hereto acquired the land from a common grantor, one Johnson, who owned the whole property in 1893. On August 1st of that year, Johnson conveyed to the plaintiff the land now owned by him. In this deed there was inserted a reservation authorizing the maintenance of the windows in question as they are now maintained, for purposes of light and air. But this reservation was erased from the deed by drawing lines through the language creating it, and the deed was delivered without any reservation whatever. Johnson conveyed the adjoining premises to one Gill in 1894, and, by mesne conveyances, the title became vested in the defendant in 1895.

It may be conceded that there was no reservation of right in Johnson to maintain the openings reserved in the deed to the plaintiff; that he possessed no such right by any conveyance; and that none of his grantees acquired any other or greater right than he possessed in respect thereto. It does appear, however, that, when the wall was erected, the windows were placed therein, and, when the plaintiff took his deed, he had notice of their existence. The reservation which was stricken out sought to retain the right to maintain the openings for light and air, and for this purpose the reservation was desired. Because the reservation was stricken out, and none remains which gives the right to have the openings remain, it does not follow that thereby a duty was imposed upon the defendant to wall up the openings and make the wall a solid wall. It is probably correct that the description fixing the boundary line as running through the center of the wall constituted this wall a party wall. The mutual obligation, then, resting upon the parties, was to have the same remain a party wall, and neither could rightfully do upon his own land anything which would weaken the wall, and deprive the other party of the use of the wall to which he was entitled. Partridge v. Gilbert, 15 N. Y. 601. This rule is applied to a case where both make use of the party wall for the support of their respective

48 N.Y.S.—2

buildings. The easement, however, ceases when the state of things which called it into existence ceases. So, also, it would seem to follow that the erection of the wall in a particular manner will be deemed to be acquiesced in so long as it answered the purposes of its erection, subject to the right existing in either party to make such use of the wall as its character contemplated, whenever necessity or desire prompted. This, of course, is to be regarded as the rule in the absence of an agreement to the contrary, as was the case in Cutting v. Stokes, 72 Hun, 376, 25 N. Y. Supp. 365. But we are unable to find any authority, and none is cited, where a duty rests upon one owner of a party wall, constructed in a particular manner, to make change in such wall, either by closing openings therein or otherwise, when such act is not demanded or required by the other party for any purpose of use of the wall. The usual rule is that the party takes the wall as he finds it, subject to be qualified, it may well be, by the necessity which a beneficial use requires. Heartt v. Kruger, 121 N. Y. 386, 24 N. E. 841. In the present case the windows were in the wall when the plaintiff purchased. There was no reservation that they should continue to remain, and their existence was undoubtedly subject to the right of the plaintiff to use the wall to support any building which he was authorized to erect upon his land; and if such windows or openings weakened the wall, so that a safe support could not be had for his building, equity would interfere to the extent of securing him such right. The plaintiff has the undoubted right to have his side of the party wall a solid wall if he chooses, and brick up the openings therein; but we can find no ground upon which equity can compel the defendant to close the openings under present conditions.

The judgment should therefore be affirmed, with costs. All concur.