## HENRY STEIN v. ENOCH F. BERRISFORD.[1]

June 18, 1909.

Nos. 16,085—(92).

**Party Wall — Window Openings.**
   The parties hereto entered into a party wall contract, whereby the defend-

[1]Reported in 121 N. W. 879.
   108 M.—12.

ant was to construct the wall on the line between their respective lots at his own cost in the first instance; but the plaintiff had the right thereafter to use the party wall as such upon the condition precedent that he should pay one-half of the cost thereof. In building the wall the defendant left two window openings therein. Action to compel the closing of the openings and for damages. The question of damages was submitted to a jury. Verdict for the defendant. Thereupon the trial court granted the plaintiff's motion for judgment notwithstanding the verdict, granting a mandatory injunction closing the openings. *Held* that, if the plaintiff impliedly consented to the construction of the wall with the openings until such time as he should pay one-half of the cost thereof and use it as a party wall, he would not be entitled to a mandatory injunction closing the openings, in the absence of a showing that their further maintenance would result in irreparable injury, and, further, that the court erred in ordering judgment for the plaintiff notwithstanding the verdict.

Action in the district court for Ramsey county to compel defendant to close openings in a party wall and for $600 damages. The substance of the pleadings is stated in the opinion. The case was tried before Bunn, J., and a jury to which was submitted the question of damages. The jury rendered a verdict in favor of defendant, and the court granted plaintiff's motion for judgment notwithstanding the verdict and issued a mandatory injunction requiring defendant to close the openings. Reversed and new trial granted.

*C. D. & R. D. O'Brien,* for appellant.

*Dodge & Webber* and *Henry Stein,* for respondent.

START, C. J.

Appeal from a judgment of the district court of the county of Ramsey enjoining the defendant from maintaining openings for windows in a party wall resting on the land of the respective parties, and requiring the defendant to remove the windows and close the openings.

The complaint alleged the making of a party wall contract by the parties hereto, whereby it was agreed that a brick wall should be built and maintained, one-half on the land of each of the parties, the center of the wall to be the line between the respective lands; that the defendant, in the first instance, should construct and pay for the wall, and that thereafter the plaintiff should have the right to use so much

of the party wall as he might choose for all legitimate purposes of a party wall for any building he might thereafter erect on his land, upon the condition precedent that he should pay to the defendant one-half of the cost of the wall; that the defendant, in erecting a building on his own land, built the party wall, but in doing so he constructed two window spaces through the wall, and placed at the bottom of each opening a stone window sill, and a window sash, and a hanging window in the opening, whereby the land of the plaintiff and its rental value were and will continue to be decreased in value, so long as the wall is so maintained, to the irreparable injury of the plaintiff, for which he has no adequate remedy at law. The complaint for a second cause of action alleged that the plaintiff had sustained damages in the sum of $600 by reason of the construction and maintenance of the party wall by the defendant with the openings and windows therein. The prayer of the complaint was that the defendant be enjoined from maintaining the openings and windows, and that he be required to remove them and close the openings, and that the plaintiff recover from the defendant $600 damages.

The answer admitted the party wall agreement, alleged that the openings and windows in the wall were constructed with the knowledge and consent of the defendant, and that they in no manner affect the rights of the plaintiff or damage his property. Except as admitted therein, the answer denied the allegations of the complaint. The reply put in issue the new matter alleged in the answer.

The alleged equitable cause of action was triable by the court without a jury, unless the court submitted some specific question of fact to them, and the issues in the legal cause of action for damages were triable by a jury. This distinction was observed by the trial judge, and at the close of the evidence the second alleged cause of action only was submitted to the jury, as to which the jury were instructed as follows:

"The only part of this case you can try is the question of whether or not Mr. Stein is entitled to recover damages, and, if so, what amount? Now, gentlemen, if you find from the evidence that Mr. Stein at the time this wall was constructed, consented that the windows should be put in there, why I think that prevents him having any right to recover damages; but if you do not find that he con-

sented, either expressly or by his conduct, then I think he would be entitled to damages providing he has sustained any. * * * If you believe that these windows in this wall have caused a diminution and loss to the plaintiff in the rental value of his property, why it is your duty to find a verdict for him for the amount of that loss as you think the evidence shows him entitled to; but, on the other hand, if you do not think from the evidence he has sustained any damage, why your verdict should be for the defendant."

The jury returned a general verdict for the defendant, and the plaintiff made a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial.

The trial court, after hearing the motion, without making any findings of fact, or taking any other action with reference to the first alleged cause of action, ordered judgment for the relief asked for in the complaint; and it was so entered. The assignments of error present the question whether the trial court erred in so ordering judgment for the plaintiff. It is clear that it was error; for the judgment ordered related solely to the first alleged cause of action, as to which no findings of fact as a basis and warrant for the judgment were made. Dunnell (Minn.) Pr. § 514. The assignments of error, however, do not specify the failure of the court to make findings of fact as one of the reasons why it erred in ordering judgment notwithstanding the verdict. We therefore base our decision upon a consideration of the assignments of error which are in substance that upon the pleadings, verdict, and settled case it was error to order judgment for the plaintiff.

The defendant urges that the verdict, in connection with the issues, the evidence, and the instructions of the court to the jury, sustains his contention that the plaintiff directly or impliedly consented to the construction of the wall with the open spaces for windows until he should be ready to pay one-half of the cost of the wall and use it as a party wall. The plaintiff, on the other hand, contends that the verdict, under the instructions of the court, does not establish his alleged consent, and, further, that there was no evidence tending to support a verdict or finding that the plaintiff did directly or impliedly so consent.

An examination of the record discloses evidence tending to show

that the plaintiff did by his conduct impliedly assent to the leaving of the window spaces in the wall. The sufficiency of the evidence to establish such consent was a question for the jury and the trial judge, who submitted the evidence to the jury. The instructions to the jury which we have quoted must be construed together. So construing them, their meaning is clear. Under the instructions the jury could not have found for the plaintiff, although he had sustained damages, if he consented to the construction of the window spaces in the wall; but if he did not so consent, and sustained any damages, they were bound to find for him in some amount. The plaintiff testified that the rental value of the property was depreciated $20 a month by the maintenance of the windows, and he was corroborated by other witnesses, who placed the depreciation at $10 to $12 per month.

The verdict was for the defendant; but it cannot be held, in connection with the evidence, conclusively to establish the fact that the plaintiff did consent to leaving the window spaces in the wall. Much less does the verdict establish the fact that he did not so consent. We have, then, a case where the main issues were whether the plaintiff consented to the leaving of window spaces in the party wall, and whether, if he did not, he sustained any damages by the act of the defendant in leaving such openings, with evidence tending to support the defendant's contention, and a verdict for the defendant, followed by simply an order for judgment notwithstanding the verdict, granting a mandatory injunction requiring the defendant to take the windows out of the party wall and close the openings.

We are of the opinion that, if the plaintiff impliedly consented to the construction of the party wall with openings for windows until such time as he should pay one-half of the cost of the wall and use it as a party wall, he is not entitled to a mandatory injunction closing the openings, in the absence of a showing that their further maintenance would result in irreparable injury. Dunscomb v. Randolph, 107 Tenn. 89, 64 S. W. 21, 89 Am. St. 915; Paul v. Cook, 4 Neb. (Unof.) 467, 94 N. W. 997; 30 Cyc. 785. It follows that the trial court erred in granting the plaintiff's motion for judgment notwithstanding the verdict, without any determination of the issue as to the plaintiff's consent.

Judgment reversed and a new trial granted.