POPPER v. GANS.

(Supreme Court, Special Term, New York County. November 3, 1911.)

1. PARTY WALLS (§ 8*)—ABANDONMENT.

Where adjoining owners held title from a common owner, who had erected buildings on the land of both, and there was a wall separating the premises, plaintiff and her predecessor, not having used the wall for a long time, cannot complain of defendant cutting windows therein and using the wall as directed by the tenement house department.

[Ed. Note.—For other cases, see Party Walls, Dec. Dig. § 8.*]

2. PARTY WALLS (§ 10*)—ACTIONS—ISSUES.

Plaintiff's action being to restrain defendant from such use of the wall and not to remove it, plaintiff's contention that the wall was partly on her land could not be considered.

[Ed. Note.—For other cases, see Party Walls, Dec. Dig. § 10.*]

Action by Gisella Popper against Joseph Gans for injunction and for damages for cutting windows in an alleged party wall. Judgment for defendant.

C. Schwick, for plaintiff.
Joseph Gans, pro se.

NEWBURGER, J. [1] It appears that some years ago buildings were erected upon the premises of the plaintiff as well as the defendant by a common owner, and that a wall divided the premises of the plaintiff and defendant. It is also conceded that the plaintiff or her predecessor have made no use of such wall for some time. While it is true that the wall was used for many years as a common wall, yet the plaintiff and her predecessor having abandoned the use of same, and it being partly upon the premises occupied by the defendant, plaintiff cannot complain at this time that the same is used by the defendant pursuant to directions of the tenement house department. There is no agreement upon record, nor is there any statement in any of the conveyances, that would lead this court to hold that this wall is a party wall. On the contrary, it is apparent to me that the same was simply used for the placing of beams therein, and when the plaintiff's predecessor erected the building now owned by the plaintiff he abandoned whatever rights he may have had in the wall.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] As to the contention of plaintiff that part of the wall was upon her land, that cannot be considered at this time, as this action is not brought to compel the defendant to remove the wall, but to restrain him from having the windows in such wall. Defendant had an undoubted right to the use of the wall for the support of the beams of his own building as long as the building continued. Whatever easement plaintiff or her predecessor had in the wall undoubtedly ceased when same was abandoned. See Heartt v. Kruger, 121 N. Y. 386, 24 N. E. 841, 9 L. R. A. 135, 18 Am. St. Rep. 829.

Judgment for the defendant. Findings passed upon.