Mary E. Reynolds, Appellant, v. The Union Savings Bank and the City of Davenport, Iowa, Appellees.

**Nuisance:** street obstructions: injunction. It will be presumed 1 that a city will perform its statutory duty of keeping streets and alleys free from nuisance; so that where the construction of a building the full size of the lot, not in itself a nuisance, may create a nuisance simply by the falling of water from the roof into an alley and there freezing, the city can not be enjoined from permitting the water to be thus discharged.

**Same:** area-ways. A city may permit area-ways or entrances to base-2 ments and cellars from a public street or alley, where the same are properly protected and do not unreasonably interfere with the convenient use of such way.

**Party walls:** reservation of easement: rights of parties. Where 3 the right to an entrance through a party wall, at a point not occupied by the adjoining building, was reserved in a deed to the adjoining lot, an acceptance of the deed with such reservation constituted a binding consent to the maintenance of the opening for the convenient use of the easement. And a decree requir-

ing the closing of other openings in the party wall when the adjoining owner desired to use the same was a sufficient protection of plaintiff's rights in that regard, over the objection that the wall was rendered useless as a party wall by reason of the openings.

**Same:** CONSTRUCTION OF PARTY WALL. Where the middle line of an extended party wall coincided with the middle line of the old wall, but was somewhat thicker and heavier than the old wall, the court's order in directing a removal of the additional thickness from plaintiff's land is sustained, although the court expresses doubt whether as a matter of law defendant could be required to build the additional wall of the same thickness as the old one, or if a heavier wall was required he could be compelled to build it all on his own land.

**Easements:** TERMINATION. As a general rule an easement in a particular building, coupled with no right in the soil upon which it stands, is terminated by a destruction of the building; but if the easement consists of a right in or over a particular piece of land for the benefit of another tract of land, then the right is appurtenant to the land and not merely some structure thereon, and does not fail with the destruction of the building. In the instant case the easement is held appurtenant to and running with the land.

*Appeal from Scott District Court.*—Hon. James W. Bollinger, Judge.

Thursday, June 6, 1912.

The opinion states the nature of the case and the material facts.—*Affirmed.*

*W. M. Chamberlain* for appellant.

*Lane & Waterman* for appellees.

Weaver, J.—The plaintiff is the owner of a certain lot, described as No. 4 of a subdivision of part of lot No. 59, in the city of Davenport, and the defendant is the owner of the premises lying immediately north of said lot. Upon plaintiff's lot is a store building, facing west

and extending from the west front eastward to a point within about ten feet of an alley, which extends along the eastern boundary of said lot. This alley is a cul-de-sac extending from the south along the east end of plaintiff's lot, and terminating at the south line of the property of the defendant. Plaintiff and defendant both trace title to their respective premises from the Davenport National Bank, which formerly owned the entire property. In the year 1890, said last-named bank, being the owner of said property, sold and conveyed lot four to one Fleming, whose title thus obtained was thereafter conveyed to the plaintiff. At the date of this conveyance by the Davenport National Bank, lot No. 4 was occupied by the building above described, and the premises now owned by the defendant Savings Bank was occupied by a building adjoining and attached by party wall to the first-named building, but extending about nineteen feet further east and across the north end of the alley. At that time, there was a door through the party wall opening out upon lot four immediately east of the angle formed by said party wall and the east wall of the building on said lot four. Ingress and egress at this door could be had only by passing over a part of lot four; the alley at the rear being about ten feet east of said opening. With evident reference to this condition, and to enable the owners and occupants of the building on the north to utilize said outlet, the conveyance from the Davenport National Bank to the plaintiff's grantor contained a reservation of a right of way in favor of the grantor and its grantees, agents, and tenants, which right of way is described in the following words: "Leading from the northeast (N. E.) corner of the building of said Fleming as said building now stands on said lot four (4) to said alley and said right of way to be ten feet (10 feet) long east and west, six feet (6 feet) north and south and twelve feet (12 feet) high, such use to be for persons and goods, wares, fuel, etc., in the usual manner and to ter-

minate if at any time its use is discontinued for one (1) year."

Subsequent to this conveyance, the Davenport National Bank sold and conveyed the property immediately north of lot four to the defendant Savings Bank; and up to the time when the defendant Savings Bank commenced the construction of a new building, as hereinafter stated, it continued in the active use and enjoyment of the easement reserved by its grantor, as aforesaid.   A short time prior to the institution of this suit, the defendant Savings Bank began the construction of a new building upon its said premises, the plan of which building contemplated a door through its south wall at the same point where the door existed in the old building.   Such plan also contemplated the discharge of water falling on the roof of said building upon the surface of the pavement in the alley on the east and the construction of a cellarway from the north or "dead" end of said alley.

In this action, plaintiff asks an injunction restraining the defendant bank from further claiming or using lot No. four, or any part thereof, as a means of access to or exit from its said building, and from discharging the surface water from the roof of said building into the alley, where it will freeze and obstruct the use of said alley, and from making or maintaining a cellarway in said alley with cover or coping above the natural grade or level of the surface thereof, and for general relief.   By an amendment to her petition, she alleges that defendant, in constructing the wall of its building along the east ten feet of lot four, has extended the same some eight or ten inches south of the true line; also that certain window sills and caps and other parts of said wall and fixtures attached thereto project over the true line and constitute a trespass upon her rights, and she asks that these alleged wrongs may have appropriate remedy.   The defendant bank denies all allegations of wrong and trespass on its part, and pleads

its title to the easement or right of way over lot No. four as reserved by its grantor in the conveyance through which plaintiff acquired the only title she has to said lot. By way of counterclaim or cross-bill, defendant also asks that its rights to the use and enjoyment of said easement may be confirmed and quieted against the adverse claims of the plaintiff. The trial court having heard the evidence found for the plaintiff that certain conduits and other fixtures attached to defendant's building constituted an invasion of plaintiff's premises, and should be removed; and that a part of the wall erected by the defendant east of plaintiff's building extends two and one-half inches too far to the south. In all other respects, the issues were found with the defendant, and its claim of an easement in said lot four, for right of way between the door in the south wall of its building and the alley, was confirmed and established. From this decree, plaintiff appeals.

There being no appeal by the defendant, the correctness of the decree below, so far as it relates to the relief granted the plaintiff, is not in question, and will not be further considered. The several matters of which plaintiff complains may be grouped as follows:

I.   It is said the court erred in refusing to enjoin the discharge of surface water from the roof of defendant's building into the alley, and in dismissing plaintiff's prayer for relief against the city. It is not claimed that the construction of the building is, in itself, a nuisance, but that the effect of it will be to create a nuisance in the future, when the escaping water may freeze, forming ice, which will interfere with the safe use of the alley. Even if no other reason existed for refusing the injunction, in this respect, it would be sufficient to say that, in so far as any duty rested upon the defendant bank or city to avoid such injurious results, the court must assume that such duty will be performed, and all necessary steps will be taken to

I. NUISANCE: street obstructions: injunction.

prevent the creation of a nuisance, and to abate it in case one arises. But, aside from this consideration, the point made by appellant has been decided adversely to her contention in *Phillips v. Waterhouse*, 69 Iowa, 199. In the cited case, it was held that a lot owner may lawfully erect a building to the full size of his lot; and that, subject only to municipal control, he may discharge the water falling upon his roof into a public street or alley. What duty or obligation, if any, may rest upon the city to care for such flow after its discharge from the lot owner's building is not there discussed or decided. It may be said, however, that the general statute governing municipal corporations makes it their duty to keep the public streets and alleys open and free from nuisances (Code, section 753); and it will be time enough to call the city in this case to account when it shall appear that this duty has been neglected. The district court did not err in refusing the relief demanded with respect to this feature of the controversy.

II. Nor do we find any just ground for complaint with the court's ruling concerning the cellarway at the north end of the alley. It is well settled that the city

2. SAME: areaways.

may permit areaways and entrances to basements and cellars from a public street or alley, where the same are properly protected and do not unreasonably interfere with the convenient use of the public way. *Perry v. Castner*, 124 Iowa, 386; *Day v. City*, 70 Iowa, 193; *Keyes v. City*, 107 Iowa, 509. There is no evidence in this case to justify us in saying that the cellarway to which plaintiff objects interferes, or can interfere, with the safe and convenient use of the alley by any person having to walk or drive therein; and plaintiff fails to show any equitable grounds of complaint with respect to the alleged obstructions.

III. Again, it is said that the wall erected between the lots, or rather that part of it which extends east from

the east end of plaintiff's building, has several openings in it, thereby rendering it useless as a party wall; and for that reason no part of the thickness of said wall can rightfully be laid upon plaintiff's lot. ' In so far as the objection relates to the door opening in said wall, it is to be remembered that the right to an entrance at that point to the premises of the defendant was expressly reserved from the conveyance under which plaintiff acquired title; and a deed so made and accepted would seem to constitute a binding consent to a maintenance of a sufficient opening in the division wall for the convenient use of the reserved easement. Of the other openings appearing in the extended wall, the decree of the district court provides that, if at any time the plaintiff shall desire to utilize said wall for building purposes, it shall be the duty of the defendant bank to close all such apertures at its own expense. This, in our judgment, conserves the rights and interest of the plaintiff; and she has no just ground to complain of the order of the trial court.

*3. PARTY WALLS: reservation of easement: rights of parties.*

IV. In extending the party wall east from the northeast corner of plaintiff's building, the defendant laid the middle line thereof to coincide with the middle line of the old wall; but the rebuilt wall is somewhat thicker and heavier than the old one. Plaintiff contends that the encroachment upon her property in this respect is some eight inches, and the trial court found in her favor that the wall was an encroachment to the extent of two and one-half inches, and ordered its removal. We are not disposed to disturb that finding, or to order the removal of any greater portion of the wall or foundation. We are by no means convinced that in extending the party wall eastward defendant was bound, as a matter of law, to continue it at the same thickness of the old wall, or that if a heavier wall was reasonably required that it could be lawfully constructed

*4. SAME: construction of party wall.*

only by placing all of the increased thickness on defendant's side of the true line. Our attention is called to no authority to that effect, and we have discovered none. We are of the opinion, however, that in this instance the plaintiff's claim is not borne out by the testimony.

V. We now turn to the issue upon the easement or right of way claimed by the defendant bank over lot No. four from the door in question to the alley on the east.

5. EASEMENTS: termination.    This, as we take it, is the real and the only substantial controversy between the parties. If we understand the theory of the appellant's counsel, it is that the easement reserved in the conveyance from the Davenport National Bank was not appurtenant to the north lot then owned by said bank, but was appurtenant rather to the building standing upon said premises, and was intended to furnish ingress and egress through the door then existing in said south wall; and that when the situation was changed by tearing down the building on the north lot that easement was destroyed with it, and could not re-attach for the benefit of the new building without plaintiff's consent.

It is true, as a general rule, that an easement in a particular building, coupled with no interest in the soil upon which it stands, is terminated or lost by the destruction of the building. *Shirley v. Crab,* 138 Ind. 200 (37 N. E. 130, 46 Am. St. Rep. 376); *Ballard v. Butler,* 30 Me. 94. But, where the easement is of a right in or over a specified lot or tract of land for the benefit of another lot or tract of land, it constitutes a right appurtenant to the land, and not merely to some structure upon the land; and it does not fail or terminate with the existence of the building or buildings thereon. *Bangs v. Parker,* 71 Me. 458; *Chew v. Cook,* 39 N. J. Eq. 396. The reservation made in the deed under which plaintiff holds her title makes no mention of any buildng or other structure upon either the dominant or servient estate, and the only ex-

pressed terms upon which it might be lost or forfeited is by nonuser for a period of one year. Its purpose is described to be the passage of persons, goods, wares, and fuel— a purpose which is entirely consistent with the use and occupation of the dominant estate for almost any conceivable purpose. It is true the property constituting the dominant estate is not particularly described; but the conceded facts as to the ownership of the property and the circumstances under which the conveyance and the reservation were made identify it beyond reasonable doubt. *Durkee v. Jones*, 27 Colo. 159 (60 Pac. 618).

The reservation was not made for the personal use of the grantor alone, but for that of his grantees as well; and under familiar principles the right to such easement passed by the conveyance of the dominant estate to the defendant, not, as we have already seen, as a mere appurtenant to the building thereon, but as appurtenant to the land. As such, it was not destroyed by the removal of the old building; and the trial court was right in upholding the appellee's claim thereto.

There appears to be no sound reason for disturbing the decree, and it is therefore *affirmed.*