IDA MOLLENHAUER and JOHANNA MOLLENHAUER, Plaintiffs, *v.* E. MADELINE WOLFE, CITY OF NEW YORK and FRANKLIN TRUST COMPANY, Defendants.

Supreme Court, Kings Special Term for Trials, April, 1922.

**Real property — wall not necessarily a " party wall " although used by both owners of adjoining premises and standing partly on the property of each — when one owner may cut windows in part of wall extending above roof of adjoining house — equity will not interfere by injunction to uphold merely technical rights.**

The continued use of a wall in common for more than twenty years gives to the adjoining owners only such rights and easements therein as they have possessed and exercised, and their prescriptive rights do not make the wall a party wall within the full meaning of that term.

The plaintiffs and the defendant own adjoining properties between which there is a partition wall built by defendant's predecessor in title and used for the support of both buildings. In an action to compel defendant to close a window which she had placed in that portion of her building which is above the roof of plaintiffs' building and to prevent the opening of any other window, it appeared that the partition wall has existed for more than forty years and that in the portion thereof that extends beyond plaintiffs' building there have been for many years several windows which open on the rear yard of plaintiffs' property. The defendant's building which covers her entire lot has been leased to the city of New York and is occupied by the district attorney of Kings county. As a consideration for said lease and to provide more air and light for the top story defendant agreed with the lessee to place the two windows in question in the partition wall. *Held,* that neither the fact that the partition wall stands partly on each property nor that it is used by both of the adjoining owners, made it a party wall.

The plaintiffs never having used that portion of the wall in which the windows in question are to be located have no interest therein and cannot prevent the defendant from erecting said windows, which concededly will in no way destroy or weaken the wall and will not interfere with plaintiffs' property or the enjoyment thereof.

The defendant having prior to this suit offered to indemnify the plaintiffs against any loss, pay the expense of their counsel, furnish a bond to insure the closing of the windows at any time the plaintiffs wished to use the wall, and to do anything that plaintiffs suggested if they would not contest the defendant's right to construct the windows, equity would not interfere to uphold what at most is a technical right, and defendant will be granted judgment, with costs.

ACTION for an injunction.

*Frederick Weisbrod,* for plaintiffs.

*Rumsey & Morgan,* for defendants Wolfe and Franklin Trust Company.

*John E. Huston,* district attorney (*Ralph E. Hemstreet,* assistant district attorney, of counsel), for defendant city of New York.

CROPSEY, J. The plaintiffs and the defendant Wolfe own adjoining properties in Brooklyn. There is a building upon each of the properties covering the full width of the respective lots. Between the buildings there is a partition wall used for the support of both buildings. The building of the defendant Wolfe is a story higher than the plaintiffs' building. In that portion of the wall which is above the roof of the plaintiffs' building the defendant Wolfe has placed a window, and was about to place a second one when this action was started. Plaintiffs seek to compel the defendant to close the window and to prevent the opening of any other.

The partition wall has existed for more than forty years. For many years there have been several windows in it. These are in the portion of the wall that extends beyond the depth of the plaintiffs' building. The defendant's building covers the entire lot and these windows open on the rear yard of the plaintiffs' property. Plaintiffs' property is used as a dwelling. The defendant's property has been leased to the city of New York, and is occupied by the district attorney of Kings county. As a consideration for that lease and to provide more air and light to the top story, the defendant Wolfe agreed with the city to place the two windows in question in this partition wall.

The plaintiffs claim that the wall is a party wall. In fact, it does stand partly upon the property of each of the parties, but this does not make it a party wall. *Popper* v. *Gans,* 74 Misc. Rep. 268. Nor does the fact that it is used by both of the adjoining owners make it such a wall. But plaintiffs claim it was made such by agreement. The paper claimed to be the agreement, however, is signed only by the plaintiffs' predecessors in title and not by defendant's predecessor in title, though it purports to be made by them both. This paper is dated April 19, 1872. It is inferable from the proof that the wall in question was built subsequent to that time, and in a deed of the plaintiffs' property, made in 1881 by the heirs of the party who owned it in 1872, the wall is spoken of as a party wall. So it is described in all subsequent deeds of the plaintiffs' property. The defendant's property in 1872 was owned by Andrew Dougherty. He died without having conveyed it, and by his will left it in trust until the defendant became of a certain age, when she was to become the owner of it. There is nothing to

show that Andrew Dougherty ever agreed that the wall should be a party wall. So far as the proof shows he never signed any deed or other paper in which it was so described. After his death, and when the defendant became entitled to the property, that is, in 1911, his executors and trustees deeded it to her. In that deed the wall was described as a party wall. Later, the defendant executed two mortgages upon the property, in each of which the wall was similarly described.

From the proof offered there can be no finding that this is a party wall unless it has become so because of its long-continued use as such. The continued use for more than twenty years of a wall in common may give prescriptive rights in it to the adjoining owners, and in a sense makes it a party wall. *Schile* v. *Brokhahus,* 80 N. Y. 614, 618. But a party wall that becomes such by prescription gives to the adjoining owners only such rights and easements therein as they have possessed and exercised. It does not make the wall a party wall within the full meaning of that term. *Pearsall* v. *Westcott,* 30 App. Div. 99, 104; 45 id. 34; *McLaughlin* v. *Cecconi,* 141 Mass. 252, 254; *Fleming* v. *Cohen,* 186 id. 323, 327; *Barry* v. *Edlavitch,* 84 Md. 95; *Mann* v. *Reigler,* 33 Ky. L. Rep. 774; 18 L. R. A. (N. S.) 131. The wall in question was built by defendant's predecessor in title. It now belongs to the defendant subject to such use thereof as the plaintiffs have heretofore made of it. *Weston* v. *Arnold,* L. R. 8 Ch. App. 1084. But the plaintiffs have never used that portion of the wall in which the windows in question are to be located. That portion of the wall is a number of feet above the roof of the plaintiffs' building. Under the authorities cited, the plaintiffs have no right or interest in those portions of the wall which they have not used. Hence, they cannot prevent the defendant from erecting the windows.

Moreover, the plaintiffs have permitted windows to exist in the wall in question for many years. And even though otherwise they might have had the right to prevent such use of the wall, having permitted it to continue for many years, they are now estopped from claiming that the defendant has no right to maintain them. *Hammann* v. *Jordan,* 129 N. Y. 61, 65; *Dunscomb* v. *Randolph,* 107 Tenn. 89, 103–105; *Stein* v. *Berrisford,* 108 Minn. 177, 181. The windows which have existed for many years overlook the rear yard of the plaintiffs' property. Those in question here are above the roof of their building. Concededly, they do the plaintiffs no harm and in no way injure or affect their property.

If the wall was a party wall in every sense, and the plaintiffs were not estopped from asserting their rights, there is authority for their

contention that the defendant should be enjoined from constructing the windows in question, even though they are in a portion of the wall not used by plaintiffs, and even though plaintiffs will not be damaged by their presence. *Cutting* v. *Stokes*, 72 Hun. 376; affd., 148 N. Y. 730. But there is authority to the contrary which holds that under such conditions the windows may be maintained until the complaining owner desires to make use of that portion of the wall in which they are located. *Reynolds* v. *Union Sav. Bank*, 155 Iowa, 519; 49 L. R. A. (N. S.) 194; *Lengyel* v. *Meyer*, 70 N. J. Eq. 501; *Witte* v. *Schasse*, 54 S. W. Rep. (Tex.) 275. And to the rule laid down in *Cutting* v. *Stokes, supra*, there are exceptions. Under structural conditions similar to those in the case at bar, where there were windows in that portion of the party wall which was not touched by the adjoining house and both the properties were at that time owned by a common owner, who later sold them to different people, it has been held that the purchaser of the property, upon whose lot the windows opened, could not compel the owner of the adjoining plot to close them unless the first owner needed to use that portion of the wall as a party wall. *De Baun* v. *Moore*, 22 App. Div. 485. In such a case, however, the complaining owner could close up so much of the windows as were in the portion of the wall that stood upon his property. This is so if the wall is in fact a party wall, for then each adjoining owner can make such use of it as does not destroy or weaken it, or interfere with the purposes for which it was erected. *National Commercial Bank* v. *Gray*, 71 Hun, 295; affd., 144 N. Y. 701; *De Baun* v. *Moore*, 32 App. Div. 397; affd., 167 N. Y. 598.

A party wall need not necessarily be absolutely solid. It may, at least, have chimney flues in it. *Hammann* v. *Jordan, supra.* And one of the adjoining owners may have the right to use such flues, and the other adjoining owner not possess that right. *Batt* v. *Kelly*, 75 App. Div. 321.

If it could be held that this was a party wall in every sense of the term, and that the plaintiffs were not estopped from asserting their claim, still a court of equity should not exercise its power under the conditions presented. Concededly, the windows will in no way destroy or weaken the wall and will not interfere with the plaintiffs' property, or with their enjoyment of it, and will in no way damage them. At most, plaintiffs have but a bare technical right, which, for some reason that does not appear, they seek to exercise. The defendant prior to this litigation offered to indemnify the plaintiffs against any loss, pay the expenses of their counsel, furnish a bond to insure the closing of the windows at any time the plaintiffs wished to use the wall, and in fact offered

to do anything that plaintiffs suggested if they would not contest the defendant's right to construct the windows. But the plaintiffs stood upon their alleged technical right and refused to accept any arrangement.

To grant an injunction would place the defendant Wolfe in an unfortunate situation. She would then be unable to comply with her contract with the city which requires the placing of these windows in the wall in question. While the wall is described as a party wall in the deed to her, and in the mortgages which she has made, that does not overcome the force of the testimony to the effect that she did not know it was a party wall when she made the lease with the city. In any event the plaintiffs will suffer no damage from the existence of the windows, and equity should not interfere to uphold what at most is but a technical right. *McCann* v. *Chasm Power Co.*, 211 N. Y. 301; *Thompson* v. *Fort Miller Pulp & Paper Co.*, 195 App. Div. 271. And this rule has been applied in an action similar to the one at bar. *Herrman* v. *Hartwood Holding Co., Inc.*, 193 App. Div. 115, 121.

The defendants are entitled to judgment, with costs. The findings should be settled upon notice.

Judgment for defendants.