W. BAYARD CUTTING and Another, Respondents, *v.* WILLIAM E. D. STOKES, Impleaded, etc., Appellant.

*Party wall — what rights therein of a grantor pass to his grantee.*

Adjacent proprietors own in severalty that portion of a wall which stands on their respective lands, subject, however, to its use as a party wall; they are mutually entitled to its support for the purposes for which it was erected; each has an easement to have his neighbor keep up his half, to support his own, and a court of equity will enjoin the maintenance of openings or windows therein.

On July 22, 1889, a corporation, being the owner in fee of certain premises in the city of New York, made a contract of sale thereof. A few months thereafter such corporation entered into a contract with one Stokes, who was about to erect a building upon adjoining premises owned by him, which secured to him the right to erect one-half of his westerly wall upon the lot owned by said corporation, with the right secured to the corporation to use the wall in common with Stokes as a party wall; when it was so used the corporation to pay its share of the necessary expenses incurred in the erection thereof.

Stokes thereafter erected the building, as he had contemplated, including the wall which was the subject of the agreement, and was finally completed, prior to the delivery of a deed of the land by such corporation to the vendee under the contract, but left in the wall certain openings for the purpose of light.

In an action brought by the purchasers from the corporation to enjoin Stokes from maintaining openings in the wall,

*Held*, that the plaintiffs succeeded to the rights of the corporation in respect to such wall, notwithstanding the fact that their title was not acquired until after the wall was constructed.

Immediately following the granting clause of the agreement made between the defendant and such corporation, it was stated that the division lines between the lots should run through the center of the wall, which wall was to be mutually used and enjoyed by the parties for all the purposes of a party wall, except in the event that such corporation should elect not to use or occupy such wall, in which case the defendant, on tender to him of a proper deed conveying to him such portion of the lot of such corporation on which such wall had been erected, would pay therefor the sum of $250.

Neither the corporation nor the plaintiffs elected not to use the wall.

*Held*, that the wall, when erected, became, by virtue of the provision of the agreement, a party wall, and would so continue, unless the successors of such corporation in the ownership of such lot should make the election authorized by the agreement.

APPEAL by the defendant, William E. D. Stokes, from a judgment of the Supreme Court in favor of the plaintiffs, rendered upon a decision of the court, after a trial by the court at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 16th day of February, 1893.

*Ernest Hall*, for the appellant.

*J. Archibald Murray*, for the respondents.

PER CURIAM:

The House of Mercy, a corporation organized under the laws of this State, was, on the 22d day of July, 1889, the owner in fee of certain premises situated in the city of New York and immediately adjoining certain other premises owned by the defendant. On that day the House of Mercy made a contract of sale with the plaintiffs in this action, embracing the premises owned by it, the deed to be delivered and the remainder of the purchase money to be paid January 1, 1890. A few months later the House of Mercy entered into a contract with the defendant Stokes, who was about to erect a building upon the premises owned by him, which secured to Stokes the right to erect one-half of the westerly wall upon the lot owned by the House of Mercy, with the right secured to the corporation

of using the wall in common with Stokes as a party wall, when used the corporation to pay its share of the necessary expense incurred in the erection of the wall.

After the making of the agreement, Stokes erected the building as he had contemplated, including the wall which was the subject of the agreement, but left in it certain openings for the purpose of light. The wall was finally completed prior to the delivery of the deed by the House of Mercy to the plaintiffs, which was on January 1, 1890.

It is well settled that the adjacent proprietors own in severalty that portion of the wall which stands on their respective lands, subject, however, to its use as a party wall, and that they are mutually entitled to its support for the purposes for which it was erected (*Partridge* v. *Gilbert*, 15 N. Y. 601); that each has an easement to have his neighbor keep up his half to support his own (*Fettretch* v. *Leamy*, 9 Bosw. 510); and that a court of equity will enjoin the maintenance of openings or windows in a party wall. (*St. John* v. *Sweeney*, 59 How. Pr. 175.)

The plaintiffs succeeded to the rights in such respect of the House of Mercy, notwithstanding their title was not acquired until after the wall was constructed. And this brings us to the question whether, under the agreement between Stokes and the House of Mercy, the wall which has since been erected in pursuance of it is a party wall. It recites that, " Whereas, the said party of the second part (Stokes) is now about to erect a dwelling house upon his said lot of land, and the said parties hereto have mutually agreed that the westerly wall of such dwelling house shall be built and erected one equal half part thereof upon the westerly side of the said lot of the party of the second part, and the other equal half part thereof upon the easterly side of said lot of the party of the first part, subject to the provisions of this agreement."

Immediately following the granting clause the agreement reads : " So that the division line between the said two lots shall run through the center of said wall, which wall so to be erected is to be mutually used and enjoyed by the respective parties hereto, and their respective heirs, successors and assigns, for all the purposes of a party wall between dwelling houses or other buildings erected, and which may be hereafter erected, upon the said two respective lots of land in

just and equal rights and privileges with respect thereto, except in the case hereinafter provided."

The exception to which the last phrase refers furnishes whatever basis there is for the contention of the defendant that the wall is not a party. wall; but before referring to it reference will be had to one or two other provisions of the agreement.

The clause last quoted is followed by certain covenants on the part of the party of the second part touching the rights and privileges to be accorded to the party of the first part in the use of the wall, which it is covenanted shall be "to the same extent reciprocally as had been bargained and granted by the said party of the first part to the said party of the second part, as hereinbefore expressed; one equal half part of the cost and expense of building the said wall is, however; to be paid to the said party of the second part, his heirs and assigns, by the said party of the first part, its successors or assigns, as soon as it or they shall make use of, occupy or enjoy the whole of said wall."

The exception to which reference has been made is contained in the latter part of the agreement, and is to the effect that if the party of the first part (House of Mercy), its successors or assigns, "shall at any time elect that it or they will not use or occupy the said wall, as hereinbefore provided, then and in such case the said party of the second part, his heirs or assigns, on tender to him or them of a proper deed duly executed for conveying to him or them the fee simple of such portion of said lot of the party of the first part on which said wall shall have been erected, free from all incumbrances, * * * will pay therefor the sum of two hundred and fifty dollars at the time of such tender."

The House of Mercy did not elect, nor have the plaintiffs as its successors in title elected, that it or they will not use the wall. And the defendant's contention is that until such election takes place it cannot be determined whether the wall is, under the agreement, a party wall. We do not so read the contract. It provides for its erection as a party wall. Its use as such is contemplated by the parties. The rights of all the parties to it are fixed beyond the power of the party of the second part, acting alone, to interfere with it in any way. In order to secure the contract with the House of Mercy, he accorded to it one additional privilege, *i. e.*, if at any

time before that corporation, or its successor in title, should make actual use of the wall by the erection of a building, he would, if it or they should elect to take it, pay $250 for so much of its land as the wall covers. When the wall was erected it became, by virtue of the provisions of the agreement, a party wall, and it will so continue unless the successors of the House of Mercy in the ownership of the lot referred to shall make the election authorized by the agreement.

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.