Henry J. Negus, Respondent, *v.* Louis W. Becker et al., Appellants.

143   303
166   314

143      303|
e 75 AD¹322|

A party wall is for the mutual convenience and benefit of the adjoining property owners, and the only restriction upon its use by either is that such use shall not be detrimental to the other.

Plaintiff and K., being the owners of adjoining premises, entered into a contract by which the former agreed to erect upon their boundary line a brick wall with stone foundation, "of suitable size and dimensions to support a three-story brick building," K. to pay half the cost, and thereafter the wall to be owned jointly by the parties as a party wall. Plaintiff erected a two-story building and built the party wall of corresponding height. K. paid as required by the contract. K. conveyed his lot and interest in the wall to defendants, who entered into a contract with R. by which the latter agreed to erect a three-story brick building on their lot, R. to make use of the party wall and to carry it up another story. During the process of construction that part of the wall which was being carried up fell over on the roof of plaintiff's building. In an action to recover the damages no negligence was charged to defendants or the contractor R.; the latter was not made a party, and there was no evidence that the falling of the wall was due to any negligence in construction, or that it was not in all respects proper for the purpose. The court directed a verdict for plaintiff *Held*, error; that defendants had the legal right to increase the height of the wall to three stories, as contemplated by plaintiff's contract; and having provided for the work in a proper, lawful and usual way, and not having been shown guilty of any act contributing to the injury, were not liable.

*It seems*, that if the fall of the wall was caused by some negligence in its construction, the party liable therefor was R., not defendants.

*Brooks* v. *Curtis* (50 N. Y. 639); and *Schile* v. *Brokhahus* (80 id. 614), distinguished.

(Argued June 22, 1894; decided October 9, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon

an order made March 28, 1893, which affirmed a judgment in
favor of plaintiff entered upon a verdict directed by the court.

This action was brought by the plaintiff to recover damages
of the defendants, for the injury occasioned to him by the
falling of a brick wall, which was being erected, or carried
up, upon a party wall between their premises. The plaintiff
and one Krieger, being owners of adjoining lots of land, made
a contract; by which the former agreed to erect upon their
boundary line a brick party wall with stone foundation, "of
suitable size and dimensions to support a three-story brick
building." When completed, Krieger was to pay to plaintiff
one-half of the cost of the wall and thereafter the said wall
was to be owned jointly by the parties as a party wall. The
plaintiff erected a two-story building, and built the party wall
of corresponding height. Krieger made payment as required
by the contract. Afterwards, Krieger conveyed his lot and
his interest in the wall to these defendants; who made a writ-
ten contract with one Robinson to erect a brick building upon
their lot, of three stories in height.

Under this contract, Robinson was to make use of the party
wall and, to meet the requirements of the new building, was
to lengthen it, so as to cover a portion of the rear end of the
boundary line, which plaintiff had failed to build upon, and
was, also, to carry it up to a further height; for the accom-
modation of the third story. During the process of its con-
struction, that part of the wall which was being carried up
fell over upon the roof of plaintiff's building; causing the
damage complained of. The complaint alleged that the
defendants, in extending the party wall in the rear and in
carrying it up another story, acted "without the knowledge
or consent of the plaintiff." It charged no negligence to
defendants, or to the contractor, and the latter was not made
a party to the action. The demand was for a judgment in
the amount of the damage sustained by reason of the falling
of the wall.

Upon the trial there was no dispute about the facts: The
defendants were not connected with the work of building,

other than through the contract with Robinson, and there was no evidence that the falling of the wall was due to negligence in construction, or that it was not a wall suitably built, and in all respects proper for the purpose. The trial judge denied defendants' motion for a dismissal of the complaint and granted the plaintiff's motion for the direction of a verdict for the amount of the damages proved. To these rulings defendants excepted and, subsequently, appealed to the General Term; where the judgment recovered by the plaintiff was affirmed. The defendants then appealed to this court and the only question argued in their behalf relates to the correctness of the rulings referred to.

*William H. Henderson* for appellants. The court erred in directing a verdict for the plaintiff. The plaintiff should have been non-suited. If there was any negligence, it was the negligence of Robinson, the contractor, and not the negligence of defendants. (*Engel* v. *E. Club*, 137 N. Y. 100; *King* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 181; *Hexamer* v. *Webb*, 101 id. 377; *Blake* v. *Ferris*, 5 id. 48, 58.) The wall which the plaintiff calls in his complaint and in his evidence his north wall, or the north wall of his building, was quite as much the defendants' wall as the plaintiff's. It was built at the joint expense of the adjacent lot owners. It was built for a party wall, and the defendants had the same right to build it higher in the construction of the building on their lot of which this party wall was to be a part, that they would have had if the wall had stood wholly upon their lot. (*Brooks* v. *Curtis*, 50 N. Y. 639.) An injury arising from inevitable accident is but the misfortune of the sufferer, and lays no foundation for legal responsibility. (*Harvey* v. *Dunlop*, Hill & Den. 194; *Booth* v. *R., W. & O. T. R. R. Co.*, 140 N. Y. 267; *Engel* v. *E. Club*, 137 id. 100.) If the falling of the wall complained of was by the act of God — an inevitable accident — then no foundation exists for legal responsibility to the plaintiff by any one whatever. (*Harvey* v. *Dunlop*, Hill & Den. 193, 194; *Center* v. *Finney*, 17 Barb.

94; *Bullock* v. *Babcock,* 3 Wend. 391; *Booth* v. *R., W. & O. T. R. R. Co.,* 140 N. Y. 267; *Engel* v. *E. Club,* 137 id. 100.) The defendants did nothing other than what was lawful and proper for them to do. There was no negligence on their part in entering into the contract with Robinson. A person in doing that which he has the legal right to do incurs no liability to any one except for negligence. (*Bellinger* v. *N. Y. C. R. R. Co.,* 23 N. Y. 42; *Reed* v. *State,* 108 id. 407; *Blake* v. *Ferris,* 5 id. 48, 58; *Smith* v. *Wagner,* 15 Wkly. Dig. 284; *Brooks* v. *Curtis,* 50 N. Y. 639; *Schile* v. *Brokhahus,* 80 id. 614.)

*Hudson Ansley* for respondent. The action was properly brought against the defendants. (*Booth* v. *R., W. & O. R. R. Co.,* 17 N. Y. Supp. 336.) A party wall when built and standing becomes the joint property of the owners, and when once destroyed, the easement or right is gone, and there is no easement or right in the wall until built, and all land not used by the party wall reverts to the owner. (*Heart* v. *Kruger,* 121 N. Y. 386.) Either proprietor of a party wall may increase the height provided such increase can be made without detriment to the strength of the wall, or to the property of adjacent owners. But he does it at his peril. (*Brooks* v. *Curtis,* 50 N. Y. 639; *Musgrave* v. *Shepard,* 23 Hun, 669; McAdam on Landl. & Ten. [2d ed.] 166.) Where one proprietor of a party wall tears it down, he is a trespasser, and liable for all damage. (*Schile* v. *Brokhahus,* 80 N. Y. 614.)

Gray, J. The direction of a verdict for the plaintiff proceeded upon the theory that, in undertaking to have the party wall carried up, in order to provide for the third story of their building, the defendants assumed an unqualified liability to the plaintiff for any occurrence in the course of construction, resulting in injury to him. There is no charge in the complaint, and there was no evidence to show, that the erection of this wall was something intrinsically dangerous, and, therefore, a matter which imposed upon the defendants a responsibility, in case of resulting damage to their neighbor, from which they

could not escape by any plea. The gravamen of the complaint seems to be in the proposition that, because the defendants extended the party wall to the full depth of the boundary line and carried it higher up, without the plaintiff's knowledge or consent, they did so at their peril and became absolutely liable, or insurers, for all possible injurious results. In the opinion of the General Term, upon the authority of *Brooks* v. *Curtis* (50 N. Y. 639) and of *Schile* v. *Brokhahus* (80 id. 619), it was held that it was unnecessary for the claim in the complaint to be based upon negligence; that, while the defendants had the right to use the wall as they did, they "insured the safety of the operation." "The party making the change," it was said, "is absolutely responsible for any damage which it occasions." We cannot agree with the court below in their view of the question, or that it is controlled by the authorities cited. *Schile* v. *Brokhahus* was an action for trespass, in tearing down a portion of a partition wall, and it was tried upon the theory, as Chief Judge CHURCH stated, "that the defendant, in disregard of the plaintiff's rights, commenced to tear down the old wall, claiming that it stood entirely upon his own land, and intending to erect a new wall for himself, without giving the plaintiff's property any benefit from it as a party wall, and that this was a trespass which caused the injury complained of." It was upon that theory that the jury found for the plaintiff and that the judgment was affirmed. *Brooks* v. *Curtis* was an action to compel the defendants to remove certain alleged encroachments, which consisted in making additions to the party wall. The plaintiff was held not to be entitled to relief, so far as the carrying up of the wall was concerned; but because, as the roof of the new building was constructed, it caused water, snow and ice to fall upon the plaintiff's building, the defendants were held to have been properly restrained from maintaining it in that condition. Judge RAPALLO made the following observation: "We think that the right of either of the adjacent owners to increase the height of a party wall, when it can be done without injury to the adjoining building, and the wall is clearly of sufficient strength to safely bear the

addition, is necessarily included in the easement. The party making the addition does it at his peril; and if injury results he is liable for all damages. He must insure the safety of the operation. But when safe it should be allowed. The wall is devoted to the purpose of being used for the common benefit of both tenants."

· The argument is that this language formulated the rule of liability for this case. The respondent; in his brief, says: "Under the principle there enunciated, the appellants had a legal right to increase the height of the wall; but this was a conditional and not an absolute right. The condition is that he insures the safety of the operation." We think the opinion in *Brooks* v. *Curtis* has been quite misapprehended, in deducing from it any such rule of absolute liability, and that the language quoted, which is relied upon as furnishing the rule, should receive no such reading. In connection with the facts, it was appropriate. The "safety" there alluded to, which the building party insures, has reference to the strength of the wall to support the addition; or to the manner of its construction, as furnishing thereafter a possible source of danger, or of nuisance to the adjoining owner. It did not mean safety against uncontrollable accidents, or the results of some third party's negligence. This is clear from the reading of the balance of the opinion, as well as from a fair consideration of the question.

A party wall is for the mutual convenience and benefit of adjoining property owners and the only restriction upon its use by either is that that use shall not be detrimental to the other. In this case the wall was the joint property of the parties. It was, built for the purposes of a building of three stories in height, and if the plaintiff did not avail himself of his right to erect a building of such a size, that fact was no obstacle to the defendants building it up, as it had been intended and agreed upon; in order that it might furnish a wall for their own three-story building. They were within the exercise of their legal right in what they did, and it is impossible to see that they assumed any risk in building a wall of the

height originally contemplated; so long as they contracted for one of suitable strength and so adapted as to serve, when built, the purposes of the defendants' new building, without detriment to the enjoyment by the plaintiff of his premises. The plaintiff's agreement bound him to construct a party wall foundation sufficient for the purposes of a three-story building and he may not complain if the wall is carried up to subserve such a purpose. Had the defendants exceeded the height of three stories, it can then be seen that they might have become insurers of the safety of the wall; for they would have been without the protection of the party wall agreement and they would have been undertaking to do a thing, which would possibly, if not probably, be hazardous, in view of the limitations as to strength under which the foundation wall was built.

The peculiarity of this case is that there is no question of negligence involved, and, for his recovery, the plaintiff insists upon the application of the principle that where one of two persons has sustained damage, the one that has caused it, or contributed to it, must make it good; or that where an act is done for the benefit of one party, which damages another, the person to be benefited by the act insures the safety of the work and becomes answerable as an insurer. These principles are inapplicable and the difficulty with the position is that there is no restriction upon the lawful use by a party of his property, if he proceeds with due care in improving it. The defendants had the conceded right to carry up this wall, of which they were joint owners, for the use of their building and they provided for its erection in a lawful, proper and usual way. If there was negligence in the construction of the wall and its fall could be attributed, in any wise, to some negligent act of commission, or of omission, in the process of construction, it is very clear that the party liable for the resulting damage would be the contractor. By the contract between him and these defendants, he undertook to construct the wall. It was not a matter which the defendants were competent to engage in and, in contracting with Robinson, they placed themselves in a position, which exonerated them from

any responsibility for a negligent performance of the work. The performance of the work contracted for was neither dangerous, nor extraordinary, in itself, and, hence, the rule would apply that for an injury resulting to another, by reason of a negligent performance, the remedy would be solely against the contractor. The owner was innocent of any act contributing to the injury. We have lately discussed this doctrine in *Engel* v. *Eureka Club* (137 N. Y. 100). But, as it has been already observed, no negligence is charged, and the case was left to stand upon the sole proposition that, however innocent the defendants of causing the occurrence, and however lawful their undertaking to build up the party wall, they must, nevertheless, be responsible for what happened. This cannot be, and is not, correct doctrine. If the fall of the wall was through some negligence in its construction, or in securing it, the liability was the contractor's and not the property owners. If there was no such negligence and the fall was occasioned through some accident as, for instance, by the extraordinary force of the storm, which is mentioned, the defendants were not responsible. If, in the lawful use of one's property, injury is occasioned to an adjacent owner, which the exercise of due care could not have prevented, there is no remedy. An illustration of this rule is presented by cases of the excavation of land, which deprive adjoining premises of lateral support; (*Lasala* v. *Holbrock*, 4 Paige, 170); or, more recently, by the case of *Booth* v. *R. R. Co.* (140 N. Y. 267); where the damage was caused by blasting.

Here there was damage, admittedly; but there was no wrong. As the complaint was framed and as the case was tried, the fall of the wall was not laid to the fault of the defendants, or of their contractor, and, upon such a case, plaintiff should have been non-suited.

It is our judgment that the judgments below should be reversed and that a judgment should be entered in favor of the defendants, dismissing the complaint; with costs in all the courts to the appellants.

All concur, except Andrews, Ch. J., not sitting.

Judgment accordingly.