MOELLER v. WOLKENBERG.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

PARTY WALL—INJUNCTION—LIS PENDENS—NOTICE.

Under Code Civ. Proc. § 1670, providing that in an action to recover a judgment affecting the title to or the use of real property, the plaintiff may file a notice of the pendency of the action, such notice may be filed in an action to restrain the building on and adding to the height of a party wall, and thereby causing it to settle.

Patterson and McLaughlin, JJ., dissenting.

Appeal from special term, New York county.

Action by Hermann Moeller against Bertha Wolkenberg. From an order denying defendant's motion to cancel a notice of lis pendens, she appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Moses Esberg, for appellant.

C. M. Gilpin, for respondent.

O'BRIEN, J. The plaintiff has filed a notice of lis pendens against the defendant's property, which the latter has moved to vacate on the ground that the action is not one in which such a notice may be filed. The parties are owners of adjoining houses and lots, which are separated by a party wall standing between the lots. The defendant, according to the plaintiff, has failed to provide proper support for his (plaintiff's) land and building in erecting upon her premises a new six-story and basement building, which is partly completed, and has used and is using for the easterly wall thereof the party wall between the lots; has increased its height, imposed additional weight upon it, and has unlawfully encroached upon the plaintiff's property by building a large portion of such new structure upon his land; and the result has been to irreparably weaken and injure the party wall, and cause the plaintiff's house, walls, and foundations to settle, crack, and become weakened, and the house itself to become dangerous and untenantable. For a second cause of action plaintiff alleges that the defendant, in constructing her building, caused large quantities of water, drainage, and sewerage to run and flow upon the premises of the plaintiff, to his great damage. The judgment demanded is an injunction to prevent the increase in the party wall and the encroachments upon plaintiff's land, to compel the removal of the additions to the party wall and the restoration of the same to its original condition, and to enjoin the flow of water, drainage, and sewerage upon plaintiff's premises.

Section 1670 of the Code of Civil Procedure provides: "In an action brought to recover a judgment affecting the title to or the possession, use, or enjoyment of real property the plaintiff may * * * file * * * a notice of the pendency of the action." Where, therefore, it is provided by this section that a plaintiff has the right to file a lis pendens, such right is absolute, and the court has no power to cancel the same after it has been filed. Mills v. Bliss, 55 N. Y. 139. Hence the question for our determination is

whether the action here is one "to recover a judgment affecting the title to or the possession, use, or enjoyment of real property." The appellant insists that the action set forth is one for trespass upon the plaintiff's land which in no way affects the defendant's lot, and therefore this is not a case in which the notice of lis pendens may be filed. We do not agree with this contention, because, as we view the action, it is intended to restrict the use which the defendant has made and is making of her property and of the party wall; the plaintiff, who claims an interest therein, alleging that he has been damaged thereby, and is entitled to have the use and enjoyment of defendant's land restricted and limited to what they were before she commenced to build the new structure. The Code does not require that the right asserted should be as extensive as the title claimed by the defendant; nor is it, indeed, necessary that the title itself should be directly involved. It is sufficient if the right asserted by the plaintiff is of a character that could affect "the possession, use, or enjoyment" of the property, and the action is one wherein the judgment asked would be binding not only upon the defendant, but upon her successors in title as well. In such an action—which, in substance, is one in rem—the object of the lis pendens is to retain the subject-matter within the power of the court until the judgment is entered, since otherwise by successive alienations such judgment or decree would be rendered ineffectual. As the interest, therefore, which the plaintiff asserts in the defendant's property, is of a nature which would limit the use and prevent the enjoyment thereof in the manner in which the defendant has used or is attempting to use and enjoy it, the action is within the provisions of section 1670 of the Code of Civil Procedure, and it follows that the court has no power to cancel the lis pendens.

The order accordingly should be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., and LAUGHLIN, J., concur.

PATTERSON, J. (dissenting). This is an appeal from an order denying a motion to cancel and discharge a notice of lis pendens on file in the county clerk's office. The motion was made on the ground that the notice of pendency of action seriously interfered with the defendant's title and quiet enjoyment of her property, and is very harmful to her, and is a cloud and embarrassment upon her title, and prevents her from procuring a loan on bond and mortgage. The case is at issue. The plaintiff and the defendant are the owners of adjoining houses supported by a party wall. The allegations of the complaint are to the effect that the defendant is altering her building, raising it several stories, and, in order to do so, is increasing the height of the party wall, and subjecting it to a weight and strain which it will not bear safely; and that she is doing work upon her own land which affects the foundation of the party wall; and that her acts have been negligently, wrongfully, and carelessly done, causing great damage to the walls and foundations of the plaintiff's house; and that the defendant in constructing her

building has so interfered with drainage and sewage as to cause it to run upon the plaintiff's premises, rendering them unfit for habitation. In addition to damages, the plaintiff claims equitable relief, and asks that the defendant be compelled to remove the addition erected upon the party wall, and restore the same to its original height and condition, and be enjoined and restrained from allowing the water, drainage, and sewage to flow upon the land of the plaintiff.

The question on this appeal is whether the cause of action asserted in the complaint is of such a character as would authorize the filing of a notice of lis pendens under section 1670 of the Code of Civil Procedure, which provides that such a notice may be filed in an action brought to recover a judgment affecting the title to or the possession, use, or enjoyment of real property. In this action no judgment can be rendered affecting the title to or the possession of the defendant's land, but it is insisted that it relates to the use or enjoyment by the plaintiff of that land, and the contention of the respondent is that in the disposition of the action it is necessary to ascertain and determine the rights of the plaintiff and the defendant respectively in and to the party wall and the use thereof, and that, as a consequence, it is an action brought to determine the rights and liabilities of the plaintiff and the defendant in and to real property and the use thereof. But this is straining the complaint beyond the facts alleged as constituting a cause of action. The plaintiff has no right in the defendant's land beyond that of support for the party wall, and such as she has acquired in that wall itself. Here, by the filing of a notice of lis pendens, the plaintiff has virtually tied up the whole of the defendant's premises in which she has no right of use, of possession, or of enjoyment beyond that above indicated. The acts of the defendant, as stated in the complaint, constitute trespasses or injuries for which the defendant may be responsible in damages. They consist in part of improperly building upon the party wall. The defendant has a right to build on that wall, provided the plaintiff's building is not damaged thereby. In Brooks v. Curtis, 50 N. Y. 639, 10 Am. Rep. 545, it is remarked that:

"We think that the right of either of the adjacent owners to increase the height of a party wall, when it can be done without injury to the adjoining building, and the wall is clearly of sufficient strength to safely bear the addition, is necessarily included in the easement. The party making the addition does it at his peril, and, if injury results, he is liable for all damages. He must insure the safety of the operation. But when safe it should be allowed. The wall is devoted to the purpose of being used for the common benefit of both tenants."

While this observation of the court is criticised in Negus v. Becker, 143 N. Y. 303, 38 N. E. 290, 25 L. R. A. 667, 42 Am. St. Rep. 724, that criticism extends only to the liability of the person increasing the strain upon the party wall, as an insurer of its safety. Any liability of the defendant, therefore, for overtaxing the party wall and causing injury to the plaintiff's premises would primarily be in damages, although facts may exist which would justify an award of equitable relief. But even if, under certain circumstances,

that relief might be awarded, it would give the plaintiff in the action no right to the use or enjoyment of the defendant's land. The other acts of the defendant set forth in the complaint only affect the plaintiff's property injuriously, and do not give any right whatever in or to the defendant's land. Assuming that an injunction might be granted as final relief to restrain the defendant from allowing water, drainage, or sewage to escape from her premises into those of the plaintiff, that would give no right against the defendant's land itself, nor could the plaintiff, by any judgment, acquire any interest, right, or control over that land. All the acts complained of on the part of the defendant may be compensated in damages, and, if equitable relief can be afforded, that relief is only necessitated by the special circumstances of the case arising out of the character of the particular trespasses or wrongs complained of. The case is not one permitting a notice of lis pendens to be filed under the section of the Code cited, and the motion should have been granted.

The order should be reversed, with $10 costs and disbursements to the appellant, and the motion to vacate the lis pendens granted. with $10 costs.

McLAUGHLIN, J., concurs.