### HUMANE SOCIETY v. RYAN.

(Supreme Court, Special Term, Monroe County. August 9, 1912.)

PARTY WALLS (§ 8*)—CUTTING OPENINGS—INJUNCTION.

Where a party wall agreement provided that, before the wall could be built into by plaintiff, he should pay one-half the cost of constructing it, the fact that plaintiff had paid no part of such cost, and had not used the wall, and that there was considerable open space between it and the buildings on plaintiff's land, did not preclude plaintiff from restraining defendant from cutting windows in the wall, and from compelling the filling up of openings therein.

[Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 24–41; Dec. Dig. § 8.*]

Action by the Humane Society against Matthew A. Ryan to restrain defendant from cutting windows in a party wall, and to compel him to fill up openings already made therein. Granted.

Fred L. Dutcher, for plaintiff.
Eugene J. Dwyer, for defendant.

SUTHERLAND, J. In 1881 an agreement was made between Babette Wolff, the predecessor in title of the plaintiff, and Francis W. Little, predecessor in title of the defendant, for the erection by Little of a 16-inch party wall on the boundary line between the premises owned by them, respectively, fronting on St. Paul street in the city of Rochester, 8 inches thereof on each side of the dividing line, and that, in case Mrs. Wolff desired at any time to use said party wall, she should pay one-half the cost thereof, to wit, $1,614. No part of said sum has been paid. Little built the wall according to agreement 16 inches thick, solid throughout, with no openings; and thus the wall remained for 30 years, until, in 1911, the defendant, who had recently purchased the Little property, broke 24 openings in the wall and put in windows. The wall had not been utilized for building purposes by

―――――

Mrs. Wolff or any of those succeeding to her title, and there is considerable open space between the wall and the buildings upon plaintiff's land.

This action was brought to restrain the cutting of any further windows in the wall and to compel the defendant to restore the wall to its former solid condition. The case seems to be practically parallel to Cutting v. Stokes, 72 Hun, 376, 25 N. Y. Supp. 365, affirmed by the Court of Appeals, 148 N. Y. 730, 42 N. E. 722, in which it was adjudged that the defendant, who had cut openings in a party wall, should be compelled to restore the wall to its former solid condition. In the Cutting Case, as here, the plaintiff had made no use of the party wall, and the party wall agreement provided, there as here, that, before the party wall could be built into by plaintiff, the plaintiff should pay one-half the cost of constructing the wall, which sum had not been paid. Therefore the contention of defendant in this case that plaintiff has no standing to complain of breaks in the party wall because of the nonpayment of one-half the cost is not well taken.

Judgment should be awarded restraining the defendant from cutting any further openings, and compelling him to restore the wall to its former solid condition.