OTTO I. METZGER, Appellant, *v.* 46 WEST 95TH STREET, INC., Respondent, Impleaded with WEST SIDE SAVINGS BANK and Others, Defendants.

First Department, March 26, 1926.

**Party walls — defendant under written agreement extended party wall but without authority placed windows in extension — plaintiff is entitled to injunction — waiver by defendant of any claim to future prescriptive rights cannot defeat plaintiff's right to injunction.**

A co-owner of a party wall who authorized the other owner by written agreement to extend the party wall is entitled to an injunction compelling the owner who extended the party wall to close up window openings placed in the extension, for said owner did not have the right under the terms of the written agreement to place window openings in the party wall.

The plaintiff's rights were not protected by requiring the defendant to file a written waiver to any claim to future prescriptive rights to light and air by virtue of the window openings placed in the extension. The plaintiff was entitled, as a matter of right, to have said window openings closed.

APPEAL by the plaintiff, Otto I. Metzger, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of New York on the 9th day of October, 1924, upon the decision of the court rendered after a trial at the New York Special Term.

*Frank Veith* [*Arnold J. Brock* of counsel], for the appellant.

*Mack & Taylor* [*George A. Spiegelberg* of counsel], for the respondent.

DOWLING, J. This action was brought to compel respondent to close four certain window openings in a party wall between the property owned by appellant and respondent. The respondent has erected a building higher than appellant's, making use of the party wall for four floors above the roof of appellant's house. This use was authorized by the terms of a written agreement between the parties, by which respondent was allowed to build such additions in depth, height and length to the existing party wall between the premises as the respondent might elect, the same to be built entirely at its expense. But under this agreement, neither directly nor by implication was any right conferred upon the respondent to place window openings in the wall. The learned court at Special Term found this as a matter of fact:

" 14. That during the erection of the wall and before the completion of said openings, the plaintiff duly objected to the presence of the window openings in the said wall both orally, and in writing

by a letter dated April 14th, 1923, and requested and demanded that the defendant refrain from constructing window openings in the said party wall.

" 15. That the said four window openings still remain in said wall contrary to and in violation of said party wall agreement and that the defendant has not caused them to be closed or filled in."

He also found as a conclusion of law:

" 1. The placing of the four window openings in the easterly side of the party wall between the premises owned by the plaintiff and the premises owned by the defendant and known respectively by the street numbers 44 West 95th Street and 46 West 95th Street and the permitting of such window openings to remain in said party wall, were in violation of and contrary to the provisions of the party wall agreement between the parties to this action."

To these findings respondent filed no exception.

That the placing of windows or window openings in a party wall where the agreement for the maintenance of that wall does not provide for such openings is a violation of that agreement is well settled. (*Cutting* v. *Stokes,* 72 Hun, 376; affd., 148 N. Y. 730; *St. John* v. *Sweeney,* 59 How. Pr. 175; *Humane Society* v. *Ryan,* 137 N. Y. Supp. 74; affd., 156 App. Div. 925; *Mollenhauer* v. *Wolfe,* 118 Misc. 390.) That injunction is the proper remedy in such a case is settled by the decision in *Cutting* v. *Stokes* (*supra*).

The learned court at Special Term thought it had sufficiently protected plaintiff's rights by requiring the filing by respondent of a written waiver to any claim to future prescriptive rights to light and air by virtue of the placing in position of said four windows.

But this was no answer to plaintiff's suit to enforce his conceded rights under the party wall agreement, nor to respondent's conceded lack of any right to construct its window openings thereunder. It amounts to a sanction of a clearly unjustifiable invasion of plaintiff's rights.

The judgment appealed from should be reversed, with costs to appellant, and judgment given in favor of plaintiff, with costs.

MERRELL, MCAVOY and MARTIN, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of plaintiff, with costs. Settle order containing findings on notice.