CONCETTA VARRIALE, Appellant, v. BROOKLYN EDISON COMPANY, INC., Respondent.

(Submitted October 16, 1929; decided November 19, 1929.)

*William D. Farrington* and *Thomas F. Hickey* for appellant. A party wall is for the mutual convenience and benefit of adjoining owners and must not be used by one of them in any manner detrimental to the other. (*Negus* v. *Becker*, 143 N. Y. 303; *Brooks* v. *Curtis*, 50 N. Y. 639.) A party wall is solely for the common owners, there being a mutual easement for the support of buildings, and no more. (*Partridge* v. *Gilbert*, 15 N. Y. 601; *Schaeffler* v. *Miehling*, 13 Misc. Rep. 520; *Eno* v. *Del Vecchio*, 13 N. Y. Super. Ct. 17; *Reeve* v. *Duryea*, 144 App. Div. 64; *Stockham* v. *Borough Bill Posting Co.*, 144 App. Div. 642.) Interference by one owner with the portion of the wall upon his neighbor's land is a trespass. (*Nash* v. *Kemp*, 12 Hun, 592; *Laray* v. *Amsterdam Building Corp.*, 209 App. Div. 895; *Herrmann* v. *Hartwood Holding Co., Inc.*, 193 App. Div. 115; *Young* v. *Thedeick*, 8 Ohio App. 103.) Neither defendant nor his licensor had any right to build upon the top of the party wall and occupy the full width for its sole purpose. (*American Ry. Express Co.* v. *Lassen Realty Co.*, 205 App. Div. 238; *Herrmann* v. *Hartwood Holding Co., Inc.*, 193 App. Div. 115.)

*John D. Monroe* for respondent. Plaintiff's rights in the party wall were and are subject to the right of the owner, and of respondent as his lessee, to place the additional beams upon, and have them and the advertising sign supported by said wall, and the findings show no trespass upon or invasion of appellant's rights in and to said party wall. (*Brooks* v. *Curtis*, 50 N. Y. 639; *Negus* v. *Becker*, 143 N. Y. 303; *Everett* v. *Edwards*, 149 Mass. 588; *Rogers* v. *Sinsheimer*, 50 N. Y. 646; *American Ry. Express Co.* v. *Lassen Realty Co.*, 205 App. Div. 238.)

CARDOZO, Ch. J. The plaintiff seeks an injunction to limit the defendant in its use of a party wall.

The wall divides the buildings No. 227 and No. 229 South Fourth street, Brooklyn. It is twelve inches wide with a capstone of eight inches, half on each lot. Plain-

tiff is the owner of one parcel, No. 227. Defendant is the lessee of an interest or easement in the other.

Under cover of this lease, the defendant has built upon the roof of No. 229 a large electric sign weighing two and and half tons, with iron beams resting on the party wall and spanning its entire width. The trial court found that the sign was a continuing trespass, and granted a mandatory injunction directing that the trespass end. The Appellate Division reversed (two justices dissenting), and dismissed the complaint with costs, declaring the use lawful, but adding a proviso that the defendant would be required to remove or relocate the sign " if, and when, the same shall constitute an obstacle or interference to any lawful or proper use plaintiff may desire to make of said party wall, or of her said premises."

A party wall is for the common benefit of contiguous proprietors. Neither may subject it to a use whereby it ceases to be continuously available for enjoyment by the other (*Brooks* v. *Curtis*, 50 N. Y. 639; *Negus* v. *Becker*, 143 N. Y. 303; *Everett* v. *Edwards*, 149 Mass. 588). Each may subject it to whatever uses are proper to a wall, if the like freedom of the other is not curtailed thereby. The meaning of principles so general is pointed by example. A wall may be carried by either owner beyond its height as first erected, provided only it is strong enough to bear the weight and strain (*Negus* v. *Becker*, *supra*). In this there is no encroachment by one owner upon the equal privilege of the other. Either is continuously at liberty to place his beams in the addition. On the other hand, there are decisions to the effect that the wall, if carried upward, must be solid, without windows (*Finch* v. *Theiss*, 267 Ill. 65; *Cutting* v. *Stokes*, 72 Hun, 376; 148 N. Y. 730; *Metzger* v. *46 West 95th St., Inc.*, 216 App. Div. 289). Use by the adjoining owner might be hampered if openings were permitted. Whether this is invariably true, there is no occasion to consider (cf. *Hammann* v. *Jordan*, 129 N. Y. 61). The decisions are helpful, in any event, as marking a direction and a tendency.

We think the sign complained of subjects the wall to a use for the benefit of one owner whereby it ceases to be continuously available for enjoyment by the other. There has been an exclusive appropriation, which, so long as it is suffered, will make equal use impossible. The beams laid across the capstone, and covering the whole wall, even the plaintiff's half, have no relation to any use that can be common to the two proprietors. On the contrary, the beams will have to be removed and the structure torn down if the plaintiff has occasion at any time to build the wall higher, as she is privileged to do. This is evident from the very fact that the Appellate Division thought it necessary to add to its decision a proviso that the sign must be removed if thereafter found to be an obstacle to equality of enjoyment. The judgment thus declares in one breath that to put the sign upon the wall is not a trespass at all, but a reasonable and lawful enjoyment of a right, and in the next that the presence of the sign is a potential interference with the uses and purposes for which party walls are built.

We think there is here an inconsistency that points to a flaw in the conclusion. How far the courts have gone in exacting equality of enjoyment, potential as well as actual, has illustration in an English judgment (*Stedman* v. *Smith*, 8 E. & B. 1). There the defendant, instead of heightening a wall, put a wash-house upon it, designed for his own use. The court held him as a trespasser. " The plaintiff," said CROMPTON, J., " is excluded from the top of the wall; he might have wished to train fruit trees there," or even, the judge adds, " to amuse himself by running along the top." Here the plaintiff is threatened with damage less trivial and doubtful. She has been forced to submit to an encroachment which may subject her to the expense and delay of an injunction if thereafter she decides to build. She has been told that the defendant may maintain the encroachment without paying her a dollar, though the other owner of the wall is

gathering in a rental for the use of a sign of which the encroachment is a part. A privilege so valuable is not to be appropriated by a strong hand, but should be acquired, if at all, through treaty and consent. The defendant has no more right to place its beams upon a wall located on the plaintiff's land than it would have to project them without consent across the open space beyond.

The decision of this case does not require us to say whether for laches or for other cause the court in the exercise of discretion might have refused a present remedy by injunction, and remitted the plaintiff to a remedy at law. That is not what it assumed to do. It declared the use lawful, and turned the plaintiff out of court.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.