357 EAST SEVENTY-SIXTH STREET CORPORATION, Appellant, v. KNICKERBOCKER ICE COMPANY, Respondent.

64

(Submitted October 19, 1933; decided November 21, 1933.)

*Sydney M. Heiman* and *Jacob I. Smith* for appellant. The plaintiff's rights in and to the wall continued so long as the wall itself remained standing in a fit and suitable state for further use as a party wall, and the demolition of the wall by the defendant was an unauthorized destruction of the plaintiff's property and property rights. (*Partridge* v. *Lyon*, 67 Hun, 29; *Brooks* v. *Curtis*, 50 N. Y. 639; *Varriale* v. *Brooklyn Edison Co.*, 252 N. Y. 222; *Everett* v. *Edwards*, 149 Mass. 588; *Bright* v. *Bacon*, 131 Ky. 848: *Bull* v. *Burton*, 227 N. Y. 101; *Negus* v. *Becker*, 143 N. Y. 303; *Eno* v. *Del Vecchio*, 11 N. Y. Super. Ct. 53; *Nash* v. *Kemp*, 49 How. Pr. 522; 12 Hun, 592; *Blake Constr. Co.* v. *Boyle*, 140 Tenn. 166.)

*Theodore J. Miller* and *John J. O'Brien* for respondent. The plaintiff's implied easement in the party wall terminated when both buildings were demolished by their respective owners. (*Heartt* v. *Kruger*, 121 N. Y. 386; *Bull* v. *Burton*, 227 N. Y. 101; *De Baun* v. *Moore*, 22

App. Div. 485; *Ebert* v. *Mishler*, 234 Penn. St. 609; *Hoffman* v. *Kuhn*, 57 Miss. 746; *Popper* v. *Gans*, 74 Misc. Rep. 268; *Herrman* v. *Hartwood Holding Co.*, 193 App. Div. 115; *Wechsler* v. *Elbeco Realty Corp.*, 119 Misc. Rep. 178; *Pierce* v. *Dyer*, 109 Mass. 374.)

CROUCH, J. The complaint alleges that plaintiff and defendant were the respective owners of adjacent premises, acquiring title through mesne conveyances from a common grantor who erected tenement buildings on both lots, with a party wall equally upon each. The plaintiff subsequently demolished the building on its premises, except the party wall, intending to erect a garage, which should use the party wall for support on that side. Before this was done, defendant, in order to erect an ice plant on its own premises, demolished its building and the entire party wall. Thereby, it is said, plaintiff was obliged to build an independent wall entirely on its own premises, although the party wall was suitable for continued use. In this action recovery is sought for the extra expense of building the independent wall, and for loss of rental space.

The easement in question here had its origin in implications arising out of the severance of a common ownership of two buildings supported by a common wall. The legal limits of the implications are broadly set by the conditions from which they arose. " When the title to these two lots was severed by their conveyance to separate persons, the purchaser of each lot is presumed to have contracted in reference to the condition of the property at the time * * *. The party-wall of the two buildings was an open and visible condition of the ownership of the property, and, in legal contemplation, its use as such, while the buildings stood, was an element which entered into the contract of the purchaser, and which charged the land with a servitude." (*Heartt* v. *Kruger*, 121 N. Y. 386, 390.)

■

In that case, upon the destruction of the adjoining buildings and the substantial destruction of the party wall, it was held that the easement ceased and that neither owner could require the other to permit the erection of a new party wall. The explicit basis for the decision was that " The easement was measured, in its extent and duration, by the existence of the necessity for it. When the necessity ceased, as it did by the destruction of the buildings and wall, the rights resulting from it ceased also " (p. 392).

The rule of strict necessity which prevails in some jurisdictions (Cf. *Buss* v. *Dyer*, 125 Mass. 287) has been in a measure relaxed in this State. Here it has been held that the right to use a party wall is not restricted like a prescriptive right to the exact limits of the previous user. Considerations of policy, perhaps, in the garb of presumed intention, have led to an interpretation permitting one owner to vary somewhat the original conditions without affecting the continuance of the easement. (*Brooks* v. *Curtis*, 50 N. Y. 639; *Negus* v. *Becker*, 143 N. Y. 303; *Varriale* v. *Brooklyn Edison Co.*, 252 N. Y. 222, 224.) Nevertheless, a party-wall easement is one of necessity, and like others stops short of mere convenience or advantage to either party. (*Heyman* v. *Biggs*, 223 N. Y. 118; *Root* v. *Wadhams*, 107 N. Y. 384; *Ogden* v. *Jennings*, 62 N. Y. 526.)

The essential consideration which impels the continuance of a party-wall easement over the wishes of one of the property owners is the necessity of continued support of an existing building and not an isolated property right in the wall as such. In *Heartt* v. *Kruger* (*supra*) the servitude was to continue in legal contemplation only " while the buildings stood." (Cf. opinion of INGRAHAM, J., in the same case below, 56 N. Y. Super. Ct. 382; 5 N. Y. Supp. 192.) So in *Partridge* v. *Gilbert* (15 N. Y. 601, 614) it was said that the easement " existed as

long as  *  *  *  the respective buildings remained in a condition to need and to enjoy that support."

Cases may be found where one of the buildings was remodeled, added to or extensively reconstructed, and the easement was held to continue. We have found no case where the implied grant has been construed as extending the right of support to an entirely new and different building. To say that the right of support of a building survives the building itself is paradoxical. Erecting an entirely new building on an old party wall falls pretty clearly into the category of convenience rather than of necessity. Any other conclusion would place the adjoining owner at a serious disadvantage. Even an express covenant will not be enforced beyond the duration of the conditions which made it desirable (*Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22; *Deeves* v. *Consiable*, 87 App. Div. 352), or a grant more broadly than reasonably necessary for the purpose designed. (*Dalton* v. *Levy*, 258 N. Y. 161.) Much less should an implied grant be carried beyond the limits fairly and reasonably contemplated when it was made. When the plaintiff demolished its building, it put an end to the necessity of support on its side of the wall. To the defendant, having equal rights with plaintiff, came then the option either to continue the wall for the support of its own existing building or, as it did, to put a definitive end to the easement.

The judgment should be affirmed, with costs.

POUND, Ch. J., CRANE, O'BRIEN and HUBBS, JJ., concur; LEHMAN and KELLOGG, JJ., dissent.

Judgment affirmed.