Frank Knauss, Inc., Respondent, v. Indemnity Insurance Company of North America, Appellant.—Action against insurance company on a marine policy covering a scow and its cargo, to recover the amounts of judgments recovered in the Federal courts against the plaintiff by the owner of the scow and the consignor of the cargo, which judgments were paid by plaintiff. Judgment for plaintiff affirmed, with costs. In our opinion, the finding of the trial court that the property lost and damaged was not in the possession, care and control of the plaintiff at the time of the accident has ample support in the record. Lazansky, P. J., Young, Hagarty and Tompkins, JJ., concur; Carswell, J., dissents and votes to reverse.

Land Finance Corporation, Appellant, v. Frank Giorgio, Jr., Trustee in Bankruptcy of the Nox Realty Corporation, Respondent, and Others, Defendants.— Order and judgment modified so as to allow credit to appellant for the 1930 taxes, amounting to $2,523.13, and the insurance premiums, amounting to $711.74, and as so modified the order and judgment are unanimously affirmed, without costs. The purpose of the hearing before the referee under Mr. Justice Wenzel's order was to determine the rent received by the appellant or the rental value of the premises during the period between the first and second sales in the foreclosure action. Appellant was to be charged with the greater of these two items and was to be allowed to deduct " all just allowances for the necessary expenses incurred in running and maintaining the said property." Appellant paid the taxes after it had purchased the property at a foreclosure sale and the Special Term had denied a motion to set aside the sale. If appellant had not paid the taxes the property would be exposed to the hazard of foreclosure by the first or third mortgagee. Under the order the taxes paid by appellant were a proper offset, and to deny appellant reimbursement would be unjust under the circumstances. Likewise, appellant is entitled to offset the amounts paid by it for fire insurance premiums. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Johnston, JJ.

Mileage Gas Corporation, Appellant, v. Anna Kushner, Respondent.— Action to enjoin defendant from interfering with the erection and maintenance of a sign on plaintiff's side of a party wall separating premises of the parties. Judgment dismissing plaintiff's complaint reversed on the law, with costs, and judgment directed for plaintiff for the relief demanded in the complaint, with costs. Findings inconsistent with this decision are reversed and new findings will be made in accordance herewith. It is conceded that plaintiff's sign, including bolts and braces, is entirely on that part of the wall which is on plaintiff's property. Although plaintiff demolished its building, which was supported by the party wall, and erected a one-story gas station, with independent walls, as long as the defendant maintains the wall for the benefit of its building, the plaintiff has the right to the use of the westerly side of the wall, eight and one-half inches of which are on its property. (Varriale v. Brooklyn Edison Co., 252 N. Y. 222; Vogel v. Shell Eastern Petroleum Products, Inc., [Special Term, Pt. 4, Kings County, June 28, 1933, not reported]; Mileage Gas Co. v. Herman, 78 N. Y. L. J., 2078, Jan. 30, 1928.) Lazansky, P. J., Carswell, Scudder, Tompkins and Johnston, JJ., concur. Settle order on notice.