**(May 24, 1948.)**

116 EAST 57TH STREET, INC., Appellant, v. H. LEO GOULD et al., Respondents.

*Per Curiam.* The drastic mandatory relief sought by plaintiff may only be granted in a clear case, reasonably free from doubt. The burden of establishing the material allegations entitling him to such relief rested upon plaintiff.

We think that the evidence as to certain material facts is insufficient. Plaintiff failed to present clear-cut and definite proof that the so-called twelve-inch party wall was of that width at its highest point. If the party wall is only eight inches thick at the roof level, and the defendants' eight-inch brick bulkhead is merely an extension of the party wall, there is no interference with the plaintiff's rights in the party wall. A court of equity upon the proof adduced by plaintiff would not be warranted in ordering the removal of defendants' bulkhead.

Even assuming that the party wall is twelve inches thick at the roof, there is no proof in the record to support the plaintiff's claim that the defendants' eight-inch brick bulkhead rests upon the most westerly eight inches of the party wall and that the remaining four inches of the party wall on the easterly side thereof are unbuilt upon. This important feature of the case should not be left entirely to speculation.

The use of the party wall by defendants in connection with their elevator is not improper. In *Varriale* v. *Brooklyn Edison Co.* (252 N. Y. 222, 224) it was said: "A party wall is for the common benefit of contiguous proprietors. Neither may subject it to a use whereby it ceases to be continuously available for enjoyment by the other (*Brooks* v. *Curtis*, 50 N. Y. 639; *Negus* v. *Becker*, 143 N. Y. 303; *Everett* v. *Edwards*, 149 Mass. 588). Each may subject it to whatever uses are proper to a wall, if the like freedom of the other is not curtailed thereby."

Nothing has been shown by plaintiff that defendants' use of the wall in connection with the elevator is a use by defendants "whereby it ceases to be continuously available for enjoyment by the other".

We think, too, that on the proof adduced by defendants, the defenses of laches, consent and estoppel were properly sustained by the trial court.

The judgment should be affirmed, with costs, with additional findings to be made as indicated herein.

The order should be affirmed.

Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ., concur.

Judgment unanimously affirmed, with costs, with additional findings to be made as indicated in opinion. Order unanimously affirmed. Settle order on notice. [See 274 App. Div. 782.]