SPRING REALTY CORPORATION, Plaintiff, *v.* JOSEPH RYAN et al., Defendants.

Supreme Court, Equity Term, Monroe County, July 10, 1954.

*Daniel F. Fitzgerald, Jr.,* for plaintiff.

*Bunis & Bunis* for defendants.

BRASSER, J. Plaintiff seeks an injunction requiring defendants to remove two steel beams placed in a wall between the properties of the plaintiff and the defendants, situate on Spring Street in the city of Rochester, for the purpose of supporting a part of the apparatus used to air condition defendants' restaurant. The wall was erected about the year 1922, and on the defendants' side was used as a support for a frame structure. When defendants purchased their premises, about the year 1940, they razed the frame structure and erected a one-story kitchen. The air conditioning unit was installed in 1953, at which time the beams running on an angle were inserted in the wall for the purpose hereinbefore stated.

I conclude from the evidence that the wall in which the beams have been inserted is in fact a party wall. It does not appear that the beams penetrate the wall on plaintiff's side. It is plaintiff's contention that the wall, even though a party wall, should not be used by the defendants to support the beams and that such use is illegal and improper.

Plaintiff cites, in support of its contention, *D'Onofrio* v. *Central Sav. Bank in City of N. Y.* (176 Misc. 709); *Alberti* v. *Emigrant Ind. Sav. Bank* (179 Misc. 1021), and *357 E. 76th St. Corp.* v. *Knickerbocker Ice Co.* (263 N. Y. 63). These cases are not in point. The factual situations in them involved either the destruction of adjoining buildings or a portion of the party wall.

Plaintiff also cites as authority that the continued use of the wall by defendants should be enjoined, *Varriale* v. *Brooklyn Edison Co.*, 252 N. Y. 222. In the *Varriale* case, the beams used for supporting an electric sign rested on the party wall for its entire length, preventing the adjoining owner from building higher without removing the beams. This case is distinguished from the case at Bar in that the beams entered the party wall a considerable distance from its top and would not thereby deter

the plaintiff from building the party wall higher. Judge CARDOZO, in writing the court's opinion in the *Varriale* case (*supra,* p. 224), stated that " a party wall is for the common benefit of contiguous proprietors. Neither may subject it to a use whereby it ceases to be continuously available for enjoyment by the other (*Brooks* v. *Curtis,* 50 N. Y. 639; *Negus* v. *Becker,* 143 N. Y. 303 * * *). Each may subject it to whatever uses are proper to a wall, if the like freedom of the other is not curtailed thereby * * * Either is continuously at liberty to place his beams *in the addition.*" (Italics mine.) There is no evidence that the installation of the beams has weakened the wall or caused actual injury to the plaintiff's building.

A " party wall " is a structure for the common benefit and convenience of the contiguous users and either party is restricted to such use as shall not be detrimental to the other. (*Schneider* v. *44–84 Realty Corp.,* 169 Misc. 249, affd. 257 App. Div. 932; *Brooks* v. *Curtis, supra; Schile* v. *Brokhahus,* 80 N. Y. 614; *Negus* v. *Becker, supra; Mileage Gas Corp.* v. *Kushner,* 245 App. Div. 836.)

I conclude that the use of the party wall by the defendants in this issue is not detrimental to the plaintiff. Even if it is a technical trespass, equity will not intervene.

The complaint is dismissed on its merits.

Submit judgment.