■ 441 EAST 57TH STREET, LLC, Respondent, v 447 EAST 57TH STREET CORP., Appellant. [824 NYS2d 642]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered June 28, 2006, which, inter alia, upon a search of the record, granted plaintiff summary judgment declaring that it has the right and does not need defendant's consent to demolish its building, including the eastern party wall thereof, unanimously affirmed, without costs.

The motion court properly granted plaintiff summary judgment on a record plainly intended to lay bare the parties' proof (*see Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320-321 [1987]), and which raises no material issues of fact. Because defendant's predecessors in title demolished the building adjoining the party wall, which, under an 1867 party wall agreement, was to be located between two buildings on equal portions of adjacent lots, and defendant has not used the wall to support a building on its lot in nearly 80 years, plaintiff is entitled to demolish its building and the entire party wall and put a definitive end to the party wall easement created under the 1867 agreement (*see 357 E. 76th St. Corp. v Knickerbocker Ice Co.*, 263 NY 63 [1933]). Defendant's "use" of the wall to provide privacy and an ornamental backdrop to its garden is not a "necessity," but a "mere convenience or advantage" that was not contemplated by the 1867 agreement and does not require continuation of the easement (*id.* at 66). Concur—Buckley, P.J., Tom, Mazzarelli, Williams and McGuire, JJ.