■ WILLIAM N. PRAIMNATH et al., Appellants, v FRANKLIN TORRES, Respondent. [873 NYS2d 133]—

In an action, inter alia, to recover damages for trespass and for injunctive relief to remove certain encroachments from real property, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Risi, J.H.O.), entered March 12, 2008, which, upon an amended decision of the same court dated January 8, 2008, made after a nonjury trial, is in favor of the defendant and against them dismissing the complaint, and in the principal sum of $5,400 on the counterclaim.

Ordered that the judgment is affirmed, with costs.

Where a matter is tried without a jury, the authority of this Court on appeal "is as broad as that of the trial court . . . and . . . as to a bench trial [we] may render the judgment [we] find[ ] warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983] [citations omitted]). Where the findings of fact "rest in large measure on considerations relating to the credibility of witnesses" (Anderson v Mastrangelo, 18 AD3d 677, 677 [2005]), deference is owed to

the trial court's credibility determinations. The trial court's dismissal of the complaint here is warranted by the facts adduced at trial. The testimony of the plaintiff William N. Praimnath established only that the defendant lawfully built up two-party walls to accommodate the addition of a third story to his building (*see Varriale v Brooklyn Edison Co.*, 252 NY 222 [1929]; *Negus v Becker*, 143 NY 303 [1894]). Accordingly, there is no basis to disturb the Supreme Court's determination in favor of the defendant.

The plaintiffs failed to preserve for appellate review their contention that, in awarding the sum of $5,400 to the defendant on his counterclaim as a reasonable attorney's fee in connection with an earlier successful motion to cancel a notice of pendency, the Supreme Court improvidently exercised its discretion in failing to require the defendant's counsel to testify on the issues of his entitlement to an attorney's fee and the amount of the fee to which he was entitled.

The plaintiffs' remaining contentions either are without merit or have been rendered academic in light of our determination. Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.