■ LEI CHEN FAN et al., Appellants, v NEW YORK SMSA LIMITED PARTNERSHIP, Doing Business as VERIZON WIRELESS, Respondent, et al., Defendants. [943 NYS2d 451]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered January 3, 2011, which granted defendant New York SMSA Limited Partnership doing business as Verizon Wireless's (Verizon) motion for summary judgment dismissing the complaint as to it, unanimously affirmed, with costs.

Defendant Verizon has tendered sufficient evidence to establish its prima facie entitlement to summary judgment. Verizon submitted the affidavit of engineer John C. Ferrante, who averred that after he had examined the party wall at issue and the lessor's deed, he found that no portion of Verizon's equipment rested on plaintiffs' property. Instead, Ferrante stated that Verizon was utilizing "a small portion" of the party wall by placing steel support beams on the wall, but that such use was de minimis. Ferrante also asserted that Verizon's support beams did extend beyond the centerline of the party wall by ap-

proximately two inches and that the beams supporting Verizon's equipment are not detrimental to the party wall's structural integrity. The engineer asserted that the beams do not interfere with plaintiffs' use of the wall for support and would not impede their ability to extend the wall upward in the future. Verizon also submitted the certification of land surveyor Saeid Jalilvand, stating that he surveyed Verizon's equipment and determined that the installation did not extend beyond the party wall onto plaintiffs' property.

Although an owner may not weaken a party wall or encroach onto the property of the adjoining property owner, commercial use of a party wall that is on the owner's property is permissible (*see Sakele Bros. v Safdie*, 302 AD2d 20, 26 [2002]; *Mileage Gas Corp. v Kushner*, 245 App Div 836 [1935]; *Herrman v Hartwood Holding Co., Inc.*, 193 App Div 115, 119-120 [1920]; *see also* 9-61 Powell on Real Property § 61.04 [3]).

The complaint fails to set forth a cause of action for trespass, even though Verizon acknowledges that its steel support beams are on top of the party wall and extend two inches beyond the party wall's centerline, because there is no allegation that the structural integrity of the wall or plaintiff's property has been affected by the beams or that there is a possibility that the beams will prevent plaintiffs from using the party wall (*see Varriale v Brooklyn Edison Co.*, 252 NY 222, 224 [1929]; *5 E. 73rd, Inc. v 11 E. 73rd St. Corp.*, 16 Misc 2d 49, 56-57 [1959], *affd* 13 AD2d 764 [1961]; *American Ry. Express Co. v Lassen Realty Co.*, 205 App Div 238, 240-241 [1923]; *Batt v Kelly*, 75 App Div 321, 322 [1902]).

The affidavit of plaintiffs' property manager fails to raise a question of fact because it fails to set forth the expertise upon which she bases her determination that the weight being placed upon the party wall would affect its structural integrity (*see Karasik v Bird*, 98 AD2d 359, 362 [1984]).

Contrary to plaintiffs' contention, the court was not required to deny Verizon summary judgment for failing to annex a complete version of the lease agreement from which it had obtained the right to place its equipment on codefendant's roof, because the deficiency was not an impediment to deciding the merits of the motion. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.